reach this question. After sentencing defendant the court stated that inasmuch as the defendant is "a speculator and gambler I am going to give you a gambler's sporting chance." The court then referred to the possibility of suspension of all sentences except the first if restitution were made before the end of the first consecutive sentence. The language of the court did not comply with provisions for making restitution. Without enlarging on the subject this portion of the sentencing was vague and indefinite. It did not, however, vitiate the sentences and we need not consider it further in view of our disposition. Were it not for the excessiveness of the sentences and the manner in which they were pronounced, we would be constrained to remand the matter for resentencing. The defendant has served at least eight years of his sentences as of the date of this writing. On this record, and after examining the presentence investigation report, we conclude that the interests of justice will best be served by modifying the judgment which imposed sentence on indictment No. 6012 to provide that sentence of two to four years is imposed on the first and third counts thereof, to run consecutively, and sentence is suspended on the fifth count thereof. Judgments imposing sentences on all other counts of the remaining indictments are modified to provide that sentences thereon are suspended. (See Code Crim. Pro., § 543; *People* v. *Hogestyn,* 32 A D 2d 872; *People* v. *Fox,* 31 A D 2d 632; *People* v. *Nagle,* 30 A D 2d 654; *People* v. *Kwasniewski,* 27 A D 2d 794.) (Appeal from judgment of Herkimer County Court convicting defendant of grand larceny and forgery.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FRANKEWICH, Appellant.— Judgment unanimously modified on the law and facts and in the exercise of discretion, in accordance with same memorandum as in *People* v. *Frankewich* (33 A D 2d 982). (Appeal from judgment of Herkimer County Court convicting defendant of grand larceny.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FRANKEWICH, Appellant.— Judgment unanimously modified on the law and facts and in the exercise of discretion, in accordance with same memorandum as in *People* v. *Frankewich* (33 A D 2d 982). (Appeal from judgment of Herkimer County Court convicting defendant of grand larceny.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY FRANKEWICH, Appellant.— Judgment unanimously modified on the law and facts and in the exercise of discretion, in accordance with same memorandum as in *People* v. *Frankewich* (33 A D 2d 982). (Appeal from judgment of Herkimer County Court convicting defendant of grand larceny and forgery.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.

■ ROBERT E. BUSH, an Infant, by ROBERT T. BUSH, His Parent and Natural Guardian, et al., Respondents, v. E. H. COTTRELL, INC., Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: The information gathered by plaintiffs' attorney, consisting of statements made by an automobile mechanic who examined a car owned by one of the plaintiffs, is material prepared for litigation. However, since it can no longer be duplicated and withholding it would result in injustice or undue hardship to the defendant, the plaintiffs should be required to produce it. (CPLR 3101, subd. [d] ; cf. *Clarke* v. *First Presbyterian Church of East Aurora,* 30 A D 2d 763, *Brunswick Corp.* v. *Aetna Cas. & Sur. Co.,* 27 A D 2d 182.) (Appeal from order of Erie Special Term vacating notice to discover and inspect.) Present — Goldman, P. J., Witmer, Gabrielli, Moule and Henry, JJ.