■ Theodore W. Kraus, as Administrator of the Estate of Theodora Kraus, Deceased, et al., Respondents, v. Ford Motor Co., Appellant.— Order unanimously modified in accordance with the memorandum and as so modified affirmed, without costs. Memorandum: In this negligence action for damages for wrongful death of plaintiff's intestate while a passenger in a 1969 Ford automobile which allegedly because of its defects left the highway and crashed, resulting in injury and death of plaintiff's intestate, it appears that directly after the accident certain parts of the automobile, particularly the rear axle bearing and wheel assembly, were delivered to the Buffalo Testing Laboratory in behalf of the plaintiff and were tested by that company. Defendant moved at Special Term to take the deposition of employees of that company having knowledge of said parts and tests, on the basis of "special circumstances" existing "as outlined" in the affidavit in support of the motion. In the affidavit defendant asserted that it was being required to produce its experts for examination by plaintiff and that it would be "disadvantageous and prejudicial" to defendant to be required to submit to such examination "without allowing the defendant * * * in turn to examine the experts employed by the plaintiff to testify at the time of trial regarding their opinions and findings as to the same rear end assembly now being examined by the expert employees of the defendant". Defendant sought to have such proposed witnesses for the plaintiff "state the substance of the facts and opinions" and the grounds therefor to which such witnesses will testify upon the trial. Defendant acknowledges that plaintiff has not examined defendant's experts concerning their opinions and that the "mutuality" argument does not apply in this respect. We find that Special Term properly denied this aspect of defendant's motion. In its brief, defendant asserts that it does not now seek to examine plaintiff's said experts concerning their opinions but only "as to the nature of their examination" of the alleged defective parts of the said automobile "to determine if there was any change of condition as a result of their inspection and tests". Defendant wishes to ascertain if the automobile parts which plaintiff has now turned over to it are the actual parts claimed by plaintiff to have been defective, whether they are all of such parts and what was done to them, if anything, by plaintiff's experts, which in any way may have altered them. Such informa-

tion is material and necessary to defendant's defense, and, since Buffalo Testing Laboratory made their tests for the plaintiff, special circumstances exist why defendant should be granted such examination. Were we simply to affirm the order appealed from, defendant could move for the examination under CPLR article 31. In the interests of justice (see *Telaro* v. *Telaro*, 25 N Y 2d 433, 439) and the conservation of judicial time, we deem it proper to grant the above relief which defendant seeks in its brief. If either party considers the application too indefinite, he may reapply to Special Term to have it made more definite and certain. The order appealed from should, therefore, be modified to permit defendant to examine an employee or employees of the Buffalo Testing Laboratory in respect of the matters above mentioned, or as made more definite and certain on reapplication to Special Term. (Appeal from order of Erie Special Term denying motion to take deposition.) Present — Marsh, J. P., Witmer, Gabrielli, Moule and Cardamone, JJ.