■ ROBERT POLISAR, Appellant, v. ANDREW LINZ, Respondent.— In an action to recover damages for alleged defamation, plaintiff appeals from an order of the Supreme Court, Queens County, dated August 4, 1971, which granted defendant's motion for a protective order under CPLR 3103 (subd. [a]) vacating plaintiff's notice to take the depositions of certain nonparty witnesses. Order reversed, with $10 costs and disbursements, and motion denied. Special circumstances within the meaning of CPLR 3101 (subd. [a], par. [4]) have been sufficiently revealed to entitle plaintiff to examine both Venikoff and Griffin as material witnesses and to subpoena the record book of the hospital. These witnesses are subordinates of defendant and, since it is alleged that they participated in altering entries in the record book, the circumstances are sufficient to indicate that each of them is likely to be a reluctant and unwilling, if not a hostile witness. Munder, Acting P. J., Martuscello, Shapiro, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SYDNEY ANTHONY FRENCH, Appellant.— Judgment of the County Court, Nassau County, rendered May 28, 1970, affirmed (*People* v. *Wright,* 38 A D 2d 690). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PHILIP EARL THOMAS, Appellant.— Judgment of the Supreme Court, Queens County, rendered May 8, 1970 on resentence, affirmed. The resentencing of defendant, allowed pursuant to *People* v. *Montgomery* (24 N Y 2d 130) in order to afford defendant an opportunity to appeal from the original judgment, did not constitute double punishment for the same crime violating defendant's constitutional privilege against twice being placed in jeopardy for the same offense. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.