◼ HENRY REGAN, as Administrator with Limited Letters of the Estate of JOSEPH P. REGAN, Deceased, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58306.)—Appeal from an order of the Court of Claims which granted claimant's motion for a further examination before trial of the Medical Administrator of Creedmoor State Hospital and the person in charge of the "Safety Unit" at said hospital. This is a claim brought by the administrator of the estate of Joseph P. Regan, seeking to recover against the State for wrongful death of the decedent resulting from alleged negligence in the supervision of the decedent while he was a patient at Creedmoor State Hospital. Pursuant to an order of the Court of Claims, the State produced for examination before trial John E. Helmer, Chief of Service of the Steinway Unit at Creedmoor Hospital. Claimant's attorney asked the witness what he conceived to be the decedent's condition, basing his question upon the witness' knowledge of the decedent's hospital record. Upon objection by the State on the ground that he was asking for a professional opinion, the question was not answered. A question was then put to Helmer as to his familiarity with the custom and practice in other hospitals dealing with patients suffering from the same condition as the deceased with regard to the precautions to be taken for their care, protection and safety. The State again objected and the witness was not permitted to answer this question. While we agree that generally where, in a discovery proceeding prior to the trial, the court has not made a finding of difficulty in obtaining other expert testimony, one party may not call as a witness the other party's expert *(Gugliano v Levi,* 24 AD2d 591), in our view, the questions here in issue did not come within the scope of expert testimony but sought information as to matters within the witness' personal knowledge. The first question posed sought information as to decedent's physical and mental condition, which was obviously possessed by the witness in his capacity as an employee of the defendant rather than as an expert. In these circumstances, it was appropriate to follow up this question by inquiries tending to determine whether the procedures employed in light of decedent's condition were, in the view of defendant's employees, in conformity with accepted standards in the field. The witness is therefore directed to answer the

questions which were previously objected to by the State. Order affirmed, with costs. Herlihy, P. J., Greenblott, Sweeney and Main, JJ., concur; Reynolds, J., concurs in the following memorandum. Reynolds, J. (concurring). While I have some doubt as to whether the questions put to the witness Helmer call for expert testimony or lay testimony, I have no doubt that plaintiff's counsel believes that he has the right to ask questions which call for expert opinion at the examination before trial, as evidenced by the record where he flatly so states and his affidavit wherein he states he "seeks a further examination before trial specifically for the purpose of obtaining professional or medical opinions". I further believe that the Court of Claims was under the same mistaken belief as witness his order appealed from.