■ HENRY REGAN, as Administrator with Limited Letters of the Estate of JOSEPH P. REGAN, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 58306.)—Motion for reargument of decision dated July 14, 1975 (49

AD2d 665) granted, without costs. The appeal is from an order of the Court of Claims which granted claimant's motion for a further examination before trial of the medical administrator of Creedmoor State Hospital and the person in charge of the "Safety Unit" at said hospital. This is a claim brought by the administrator of the estate of Joseph P. Regan, seeking to recover damages against the State for wrongful death of the decedent resulting from alleged negligence in the supervision of the decedent while he was a patient at Creedmoor State Hospital. Pursuant to an order of the Court of Claims, the State produced for examination before trial John E. Helmer, chief of service of the Steinway unit at Creedmoor State Hospital. Claimant's attorney asked the witness what he conceived to be the decedent's condition, basing his question upon the witness' knowledge of the decedent's hospital record. Upon objection by the State on the ground that he was asking for a professional opinion, the question was not answered. A question was then put to Helmer as to his familiarity with the custom and practice in other hospitals dealing with patients suffering from the same condition as the deceased with regard to the precautions to be taken for their care, protection and safety. The State again objected and the witness was not permitted to answer this question. Claimant thereafter moved to examine the medical administrator and the safety unit head. While we agree that generally where, in a discovery proceeding prior to the trial, the court has not made a finding of difficulty in obtaining other expert testimony, one party may not call as a witness the other party's expert (Gugliano v Levi, 24 AD2d 591), in our view, the questions here in issue did not come within the scope of expert testimony but sought information as to matters within the personal knowledge of certain employees of the State. The first question posed sought information as to decedent's physical and mental condition, which while not necessarily possessed by Helmer, who was not a physician, would presumably be possessed by the medical administrator in his capacity as an employee of the defendant rather than as an expert witness. In these circumstances it is appropriate to permit this question to be followed up by inquiries tending to determine whether the procedures employed in light of decedent's condition were, in the view of defendant's employees, in conformity with accepted standards in the field. The State is therefore directed to produce the medical administrator of the Creedmoor State Hospital and the person in charge of the "Safety Unit", and these witnesses are directed, to the extent that they have knowledge of the matters which are the subjects of the inquiries, to answer the questions which were previously objected to by the State. These witnesses, however, shall not be required to give opinion evidence. Upon reargument, order modified, on the law and the facts, by striking so much thereof as directs the witnesses to give expert opinions, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.