James B. Kane, J.
On March 1, 1973, a damaging explosion occurred at the plant of the defendant, FMC Corporation (FMC). Immediately thereafter FMC engaged the services of Arthur D. Little, Inc. (ADL) to conduct an investigation. ADL made on site inspections on March 4, 5, and 23, 1973 and submitted a report of its findings and conclusions on May 24, 1973. It is this report which the plaintiffs seek to inspect. FMC resists, arguing that the report constitutes the opinion of an expert and is not discoverable under CPLR 3101 (subd [d]), and that in any event the last six pages of the report (pp 23-28) should not be made available since they consist of mere speculation and conjecture. The court has made an in camera inspection of the ADL report.
CPLR 3101 (subd [d]) provides that the opinion of an expert which has been prepared for litigation is discoverable where the court finds that the material forming the basis for the opinion can no longer be duplicated because of a change in conditions, and if denying discovery will result in injustice or undue hardship.
Where the conditions or the materials which form the basis for an expert’s opinion are no longer available, courts have not hesitated to direct disclosure of the opinion (Sucrest Corp. v Fisher Governor Co., 36 AD2d 702; American Home Prods. Corp. v National Carloading Corp., 36 AD2d 934; Wasmuth v Hinds—Toomey Auto Corp., 39 AD2d 723). If the subject matter of the report is available or can be duplicated, then discovery is denied. (American Home Prods. Corp., v National Carloading Corp., supra; Hayward v Willard Mountain, 48 Misc 2d 1032.)
FMC has cited Wellman v Coleman (NYLJ, May 17, 1977, p 12, col 6) in support of its position. There the plaintiff’s expert had examined an automobile in connection with a claim that the vehicle was not crash-worthy. The car was no longer *878 available for inspection. The court directed the plaintiff to disclose that portion of the report which dealt with the expert’s findings as to the physical condition of the various parts of the interior of the vehicle. However, it denied discovery as to those portions which contained his expert opinions. The court declared that an expert may be examined as to his physical findings, but not as to his expert opinion. It relied upon Kraus v Ford Motor Co. (38 AD2d 680), a Fourth Department case. In Kraus the plaintiff had an expert test certain parts of an automobile that had been involved in an accident. The defendant sought to examine the expert’s employees regarding the test results. Defendant argued that since it was being required to produce its own experts to be examined by the plaintiff, it would be prejudicial to defendant if it could not also examine plaintiff’s experts regarding their findings and opinions. Upon the appeal, the defendant abandoned its efforts to examine the experts concerning their opinions and sought merely to learn whether the testing procedures had caused any changes in the automotive parts. The court permitted the defendant to examine plaintiff’s experts to determine whether the parts tested were those claimed to be defective, whether they were all of them, and whether the tests may have altered them. However, it affirmed a denial of the defendant’s request to examine the experts concerning their opinions and the grounds therefor. The court’s affirmance appears to be premised upon the fact that since the plaintiff had not sought to examine the defendant’s experts regarding their opinions, mutuality was lacking (see Bernikow v All State Ins. Co. 78 Misc 2d 90). In addition, the defendant was no longer urging that the opinions be disclosed. The court does not read Kraus as foreclosing discovery of an expert’s opinion per se (cf. Bush v E. H. Cottrell, Inc., 33 AD2d 983) and for this reason declines to follow the Wellman case.
The conditions which existed at the time of the 1973 explosion in defendant’s plant obviously no longer exist and cannot be duplicated. Given the gravity of the damage caused by this explosion, there would be serious injustice to the positions of plaintiffs should the ADL report be withheld. The court has examined the report in its entirety and finds that the matter contained on pages 23-28 can fairly be characterized as opinion rather than speculation. But even if this portion were deemed to be speculation, this would not prevent disclosure. *879 As was pointed out in Schutt v Pooley (43 AD2d 59, 60): "Thus, there is permitted a pretrial disclosure of testimony or documents which, while themselves inadmissible, may lead to the disclosure of admissible proof [citations omitted]. If there is any possibility that the information is sought in good faith for possible use as evidence-in-chief or for cross-examination or in rebuttal, it should be considered evidence 'material’ in the action [citations omitted]”.
Upon renewal, the defendant’s motion seeking to limit discovery is denied.