■ Herbert Brandes, as Parent and Natural Guardian of Michael Brandes, an Infant, et al., Respondents, v Pettibone, Inc., Defendant and Third-Party Plaintiff. Spancrete Northeast, Inc., Third-Party Defendant-Appellant.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The third-party defendant appeals from an order directing that it produce expert engineers to be orally examined by plaintiffs' attorney regarding their investigation, opinions, and report made in connection with an accident in which plaintiff, Michael Brandes, was injured, together with all graphs, photographs, measurements, drawings, and opinions referred to or contained in their written examination report. The engineers had been retained by the third-party defendant's liability and workmen's compensation carrier. Michael Brandes, while working for the third-party defendant on October 21, 1971, was injured in an industrial accident involving a crane sold to the third-party defendant and maintained for them by the defendant. The engineering report was prepared in 1971 based upon an examination of the crane a month after the accident while the crane was still on the third-party defendant's premises. Plaintiffs' attorney, in reliance upon assurances allegedly made by representatives of the third-party defendant's liability and workmen's compensation carrier that the examination report, made in December, 1971, would be made available to him and that the experts could be called as witnesses for the plaintiffs, retained no expert to examine the crane on behalf of plaintiffs. A copy of the report was delivered to plaintiffs' attorney before the commencement of the action against defendant in April, 1972, when presumably neither the defendant nor the insurance carrier anticipated that a third-party action might be brought by defendant against the injured plaintiffs' employer under *Dole v Dow Chem. Co.* (30 NY2d 143), then recently decided. (The third-party action was not commenced until Sept. 19, 1975.) It is apparently conceded that due to lapse of time and changes in condition of the crane from those existing at the time of the accident and of the examination by the engineer, it would now not be possible for plaintiffs' attorney to retain other experts to examine the crane for the purpose of making observations or findings that could be material or helpful in presenting plaintiffs' case. The order insofar as it directs the oral examination of third-party defendant's experts pertaining to factual evidence including their observations, findings, the tests performed, and the results thereof should be affirmed. Special circumstances have been demonstrated to warrant such examination. (See *Kraus v Ford Motor Co.,* 38 AD2d 680; *Dunlop Tire & Rubber Corp. v FMC Corp.,* 90 Misc 2d 876.) Further, Special Term properly directed that the engineers produce on the examination their complete report including their written opinions together with all photographs and other material prepared in connection with their examination (see *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134; *Dunlop Tire & Rubber Corp. v FMC Corp., supra; Edwardes v Southampton Hosp. Assn.,* 53 Misc 2d 187). Defendant's objection that the

report and other items are privileged as material prepared for litigation is without merit inasmuch as the material can no longer be duplicated because of a change in conditions and withholding it would cause undue hardship (CPLR 3101, subd [d]; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.55). Moreover, no claim of confidentiality can be asserted, because a copy of the report including the experts' opinions has been given to plaintiffs' attorney. The order should be modified, however, to delete the provision directing the engineers to testify concerning their expert opinions (*Regan v State of New York,* 50 AD2d 619; *Kraus v Ford Motor Co., supra).* The engineers are not parties to the action or employees or agents of a party and the exception to the rule prohibiting such examinations where the opinions sought are those of a party (see *McDermott v Manhattan Eye, Ear & Throat Hosp.,* 15 NY2d 20) or an agent of a party (see *Kennelly v St. Mary's Hosp. of Troy,* 52 Misc 2d 352) does not apply. The delay in moving for the oral examination until shortly before the case was scheduled for trial is excusable. The motion was made promptly after plaintiffs' attorney was advised that the engineers would not be available as witnesses for the plaintiffs. (Appeal from order of Monroe Supreme Court—disclosure.) Present—Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.