■ CARMEN CEPIN, an Infant, by Her Brother and Natural Guardian, RAMON CEPIN, Respondent, et al., Plaintiff, v AMADO CEPIN et al., Defendants, and GENERAL MOTORS CORP., Appellant.—In an action to recover damages for personal injuries, etc., defendant General Motors Corporation appeals (1) from an order of the Supreme Court, Queens County, dated October 26, 1977, which denied its motion to conduct an examination before trial of a nonparty witness, (2) as limited by its brief, from so much of a further order of the same court, dated November 29, 1977, as, upon reargument, adhered to the original determination, and (3) a third order of the same court, dated March 8, 1978, which treated the underlying motion as one for reargument and denied it (the motion was, in fact, for reargument and renewal). Appeal from the order dated October 26, 1977 dismissed as academic. That order was superseded by the order granting reargument. Order dated November 29, 1977 reversed insofar as appealed from and motion to depose the nonparty witness granted in accordance herewith. The

examination shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by appellant, or at such other time and place as the parties may agree. Appeal from the order dated March 8, 1978 dismissed. Insofar as the order denied reargument, no appeal lies, and insofar as it denied renewal, it is academic in light of the determination on the appeal from the order dated November 29, 1977. Appellant is awarded one bill of $50 costs and disbursements to cover all appeals. Appellant, by motion, sought leave to conduct a pretrial examination of an expert witness engaged by the respondent to perform tests on the car alleged to have caused her injuries. Appellant characterizes respondent's expert as an important, if not the sole, source of factual information about the condition of the car after the accident, and it is appellant's stated intention to confine the examination to the witness' "factual observations" and not to probe for his opinions. The car is no longer available for inspection, as it had been "junked" before appellant received notice of the present action. Pursuant to prior court orders, respondent has turned over to appellant a copy of a report made after the expert in question inspected the car, and copies of three photographs made in connection therewith. The fact that respondent was compelled to produce copies of her expert's report and accompanying photographs does not automatically preclude the disclosure of further relevant information in the witness' possession. The standard for such disclosure is provided by CPLR 3101 (subd [a]). The inquiry must be whether the information sought constitutes "evidence material and necessary" within the broad interpretation accorded that phrase by the Court of Appeals in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403). Within limits, the kind of factual information sought by appellant satisfies that definition. Also, we are convinced that, insofar as respondent's expert is a nonparty witness, there has been a showing of "adequate special circumstances" (see CPLR 3101, subd [a], par [4]) in that the witness has been demonstrated to be both "hostile" to appellant (see *Polisar v Linz,* 39 AD2d 544) and, in view of the car's present unavailability, in possession of special or exclusive knowledge of relevant facts about its condition after the accident (see *Sherwood v Lilly & Co.,* 36 AD2d 533). However, in our opinion, the deposition of an expert witness, even as to matters which are ostensibly purely factual in nature, creates a high risk that material prepared for litigation will be discovered without a prior showing as to the conditions set forth in CPLR 3101 (subd [d]). Therefore, it becomes necessary to set careful limits to the kind of information which may be elicited from an expert witness in an oral examination on his "factual observations". To do otherwise would be to invite irremediable incursions into the expert opinions prepared for an adversary where other expert testimony is available, in contravention of the general rule that one party may not call the other party's expert as a witness in a discovery proceeding prior to trial *(Regan v State of New York,* 49 AD2d 665). In view of the foregoing, we direct that the scope of the pretrial examination of respondent's expert witness be restricted to: (1) the witness' observations of damage done to the Cepin car or any part thereof; (2) matters relating to the authenticity and quality of the three photographs produced by respondent pursuant to prior court orders; (3) inquiry as to whether further testing or inspection was performed on the car and, if so, the general nature of such tests or inspections; and (4) inquiry as to whether parts which may have been removed from the car are still in existence and, if so, whether tests performed on the parts altered them in any way (see *Kraus v Ford Motor Co.,* 38 AD2d 680). The examination may not include questioning as to the witness' opinions or his recollec-

tions, memoranda, notes, or as to photographs or other documents made in connection with any testing or inspection not covered in the written report which has already been turned over by respondent; the disclosure of such materials may be had only upon a showing of discoverability under CPLR 3101 (subd [d]) on an appropriate motion to compel their production (cf. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101:34, pp 38-39). Within the foregoing limitations, appellant may also examine the witness with respect to the new items raised by the proposed second amended complaint. Mollen, P. J., Hopkins, Suozzi and Rabin, JJ., concur.