■ HOLLIS B. COLEY et al., Respondents, v MICHELIN TIRE CORPORATION, Appellant, et al., Defendants. (And Third-Party Actions.)—In an action to recover damages for personal injuries predicated upon theories of negligence, products liability and breach of warranties, defendant Michelin Tire Corporation appeals from four orders of the Supreme Court, Rockland County, as follows: (1) from so much of an order dated April 12, 1978 as, in directing plaintiffs to furnish Michelin's attorneys with a copy of their expert's reports relative to the rear tires on the vehicle in question, denied other branches of Michelin's motion seeking an examination before trial of plaintiffs' expert and discovery of photographs of the tire valves; (2) from an order dated June 15, 1978 which, upon granting plaintiffs' motion for reargument, modified the order of April 12 to the extent that plaintiffs were permitted to delete from their report the name of their expert and any matter not relating to the rear tires; (3) as limited by its brief, from so much of an order dated October 31, 1978 as, upon reargument, adhered to the June 15 determination; and (4) from an order dated March 15, 1979 which denied its motion for (a) leave to renew its original motion to require disclosure of the identity of, and production for an examination before trial of, plaintiffs' expert, and (b) leave to reargue and renew its motion to reargue the order dated June 15, 1978. Appeals from the orders dated April 12, 1978, and June 15, 1978, dismissed as academic, without costs or disbursements. Said orders were superseded by subsequent orders granting reargument. Order dated October 31, 1978 affirmed insofar as appealed from, without costs or disbursements. Appeal from so much of the order dated March 15, 1979 as denied leave to reargue, dismissed, without costs or disbursements. No appeal lies from an order denying reargument. Said order is modified by adding thereto a provision that defendant Michelin Tire Corporation may proceed with written interrogatories of plaintiffs' expert in accordance herewith. Said order is otherwise affirmed, without costs or disbursements. Michelin's time to serve interrogatories in accordance herewith is extended until 20 days after service upon it of a copy of the order to be entered hereon, together with notice of entry thereof. The instant case is one in which the tension between the policy of broad disclosure (CPLR 3101, subd [a], par [4]), and the policy of nondisclosure regarding an expert witness (CPLR 3101, subd [d], par 1) must be resolved. Upon Michelin's motion for disclosure, Special Term reached such a resolution in requiring plaintiffs to provide copies of their expert's reports to Michelin, without disclosing the identity of the expert. Upon receipt of the report and annexed photographs, Michelin sought to renew its motion to take an oral deposition of the expert, maintaining that the report supplied was inadequate to fairly inform it of the condition of the tire prior to its alleged mutilation or

destruction but after the accident which gave rise to the cause of action, nor did it inform Michelin as to the nature, extent and results of tests which could no longer be duplicated and which were presumably made. Such information was, it alleged, vital to the preparation of its defense, and possible third-party suits. In view of the facts and allegations of the parties, we find that special circumstances exist requiring disclosure beyond the production of the expert's reports. There is further information sought by Michelin which is "material and necessary" under the liberal construction given that term by the Court of Appeals in *Allen v Crowell-Collier Pub. Co.* (21 NY2d 403). In addition, we find adequate special circumstances in that plaintiffs' expert is in exclusive possession of certain of those relevant facts. However, inasmuch as an expert is involved, an oral deposition creates a high risk that material prepared for litigation, protected by CPLR 3101 (subd [d]), will be discovered. It therefore becomes necessary to set certain limits on such disclosure so that all that may be elicited are "factual observations". To do otherwise, would be to invite irremediable incursions into the expert opinions prepared for an adversary where other expert testimony is available, in contravention of the general rule that one party may not call the other party's expert as a witness in a discovery proceeding prior to trial (see *Cepin v Cepin,* 66 AD2d 764). In view of the foregoing, Michelin may proceed with written interrogatories of plaintiffs' expert witness embracing the following: (1) the condition of the tire and valves before their destruction or mutilation; (2) the manner in which the right rear tire was cut; and (3) photographs, if any, of the valves. Such interrogatories may not include questions as to the witness' opinions. Furthermore, the name of plaintiffs' expert need not be disclosed. Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.