■ KAREN KINCAID, Appellant, v SEARS, ROEBUCK & Co. et al., Respondents. (Appeal No. 1.) — Order unanimously reversed, with costs, and motion granted. Memorandum: In this personal injury action predicated upon theories of negligence, breach of warranty and products liability, plaintiff appeals from an order denying her motion to strike a certain interrogatory which requires her to identify the alleged defects in an automotive battery which exploded, together with the name of her expert witnesses and the nature of the alleged defect which each witness is expected to address at trial. Plaintiff's moving affidavits aver that her answer to the interrogatory identifies the defects as best she can and that the explosion altered the condition of the battery which

defendants' expert examined. Plaintiff offers to permit defendants to re-examine the battery and states that she will provide more specific information if it becomes available. Thus, it has been attested that plaintiff presently lacks actual knowledge to further answer these questions, and she is obliged to do no more. If, and when, "plaintiff acquires the necessary information" it should be promptly forwarded to defendants (see *Cornachio v General Motors Corp.*, 63 AD2d 941). Further, defendants are not entitled to have plaintiff identify her expert witnesses or reveal their testimony since defendants have failed to show special circumstances required by CPLR 3101 (subd [a], par [4]; subd [d]; *Fisher v General Motors Corp., Pontiac Motor Div.*, 69 AD2d 990; cf. *Coley v Michelin Tire Corp.*, 75 AD2d 610; *Cepin v Cepin*, 66 AD2d 764). No claim is made that plaintiff's experts are the sole source of factual information about the condition of the battery after the incident or are the only witnesses who made "factual observations" of the battery. (Appeal from order of Onondaga Supreme Court — interrogatories.) Present — Simons, J. P., Hancock, Jr., Schnepp, Callahan and Doerr, JJ.