■ HOLLIS B. COLEY et al., Respondents, v MICHELIN TIRE CORPORATION, Appellant, et al., Defendants. (And Two Third-Party Actions.) — In an action to recover damages for personal injuries, etc., predicated upon theories of negligence, products liability and breach of warranties, defendant Michelin Tire Corporation appeals from three orders of the Supreme Court, Rockland County (Stolarik, J.), as follows: (1) as limited by its brief, from so much of an order dated July 14, 1980 as, upon a motion by plaintiffs for a protective order, modified or struck certain of the interrogatories served by defendant Michelin; (2) from so much of an order dated November 18, 1980 as denied its motion for reargument of the July 14, 1980 order with respect to two of the interrogatories; and (3) from an order dated February 5, 1981 which denied its motion to resettle the order of November 18, 1980. Order dated July 14, 1980 affirmed, insofar as appealed from. Appeal from the order dated November 18, 1980 dismissed. No appeal lies from an order denying reargument. Appeal from the order dated February 5, 1981 dismissed. No appeal lies from an order denying resettlement (see *Stein v Stein,* 57 AD2d 922; *Katz v Katz,* 13 AD2d 529). Plaintiffs are awarded one bill of costs to cover all appeals. Special Term properly modified Michelin's written interrogatories pursuant to the guidelines set forth by this court (see *Coley v Michelin Tire Corp.,* 75 AD2d 610). The three areas enumerated in our earlier decision were the only areas we deemed permissible for interrogatories of plaintiffs' experts, upon consideration of the facts of the case and allegations of the parties. Implicit in that decision was a determination that interrogatories regarding tests conducted by the experts and the results thereof were not proper. Hopkins, J.P., Gibbons, Rabin and Cohalan, JJ., concur.