■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CANNONE, Appellant. — Judgment, Supreme Court, New York County (Rothwax, J.), rendered on May 11, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sandler, J. P., Sullivan, Ross, Lupiano and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALAMO, Appellant. — Judgment, Supreme Court, Bronx County (Schlesinger, J.), rendered on April 8, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Markewich, J. P., Lupiano, Bloom, Fein and Milonas, JJ.

■ PETER RUGGLES et al., Respondents, v WHITE METAL ROLLING & STAMPING CORPORATION, Defendant, and SEARS, ROEBUCK AND COMPANY, Appellant. — Appeal from order of the Supreme Court, New York County (Williams, J.), entered October 1, 1980, is hereby dismissed, without costs, as superseded by the order of April 24, 1981. Order entered April 24, 1981 (Williams, J.), and order entered September 21, 1981 (Wolin, J.) are modified, on the law, the facts and in the exercise of discretion, without costs, to require that Interrogatory No. 17 be answered and Interrogatory Nos. 33 through 35 be limited to all medium-duty, five-foot aluminum stepladders manufactured by White Metal Rolling and Stamping Corporation for the years 1969 through 1977, and otherwise affirmed. Defendant-appellant Sears, Roebuck and Company appeals from three orders of the Supreme Court, New York County, all relating to interrogatories served by plaintiffs on defendant Sears in connection with an action asserting that plaintiff sustained personal injuries on or about September 19, 1977 when a stepladder upon which he was standing buckled. The stepladder in question, a five-foot aluminum, medium-duty model bearing number 42145 was allegedly purchased at a Sears, Roebuck store and manufactured by defendant White Metal Rolling & Stamping Corporation. Appellant objects to the scope of the discovery, claiming that there is no language in the interrogatories limiting the information to the particular type of ladder involved in this case. We agree to the extent indicated. Concur — Ross, J. P., Carro, Silverman, Bloom and Milonas, JJ.