■ RICHARD A. OPPENHEIM et al., Appellants, v TRAVELERS INSURANCE COMPANY et al., Respondents, et al., Defendants. — In an action to recover damages based on a violation of section 340 of the General Business Law, plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Ford, J.), entered March 3, 1981, as is in favor of defendants Travelers Insurance Company and the Nelson Co., and against them, upon the trial court's grant of their motion to dismiss at the close of the evidence. The appeal brings up for review an order of the same court, dated January 11, 1982, which denied plaintiffs' motion for a new trial as against Travelers and the Nelson Co. Order reversed, motion granted and the judgment is vacated insofar as it is in favor of defendants Travelers Insurance Company and the Nelson Co., and as between plaintiffs and said defendants, the action is severed and a new trial is granted, with costs to abide the event. The appeal from the judgment is dismissed as academic in light of the aforesaid determination. The newly discovered evidence submitted on plaintiffs' motion to vacate the judgment insofar as it is in favor of Travelers Insurance Company and the Nelson Co. was sufficient to require a vacatur of the judgment as against those defendants and a direction for a new trial. Lazer, J. P., Mangano, Gibbons and Thompson, JJ., concur.

■ MARIA C. ROSADO, Individually and as Executrix of LOUIS ROSADO, Deceased, Respondent, v MERCEDES-BENZ OF NORTH AMERICA, INC., Appellant, et al., Defendant. — In a wrongful death action, predicated upon claims of negligence, strict liability in tort and breach of warranties, defendant Mercedes-Benz of North America appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), dated July 1, 1981, as denied its motion for a protective order precluding certain discovery demanded by the plaintiff. Order modified, on the law, so as to grant the appellant's motion to the extent of precluding discovery of any and all photographs and test reports concerning the subject vehicle which were produced by appellant's agents after the occurrence of the accident. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appellant's time to comply is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The plaintiff's decedent was killed when the automobile he was driving went out of control and crashed. Immediately following this accident, the plaintiff had the vehicle examined by experts and then junked it. Subsequently, appellant recovered the automobile from a junk yard and had it examined and tested. Plaintiff now seeks, inter alia, disclosure of the photographs and reports which were the results of these tests. We believe that Special Term erred in denying the appellant's motion for a protective order in this regard. This was clearly material prepared for litigation which enjoys a privilege from disclosure except in certain circumstances (see CPLR 3101, subd [d]). While it may be true, as Special Term found, that the photographs taken and tests performed by the appellant may not be duplicated at this time by reason of the condition of the vehicle, we are not convinced that the withholding of this matter will result in "injustice or undue hardship" (see CPLR 3101, subd [d]). By the time that the appellant retrieved the vehicle from the junk yard, the plaintiff had had an ample opportunity to test and examine the vehicle in any way she saw fit. To require the disclosure demanded in this regard would be to confer on the plaintiff a benefit to which she is clearly not entitled and one which was not contemplated by the liberality of disclosure mandated by the Legislature (see Abraham v Hanover Ins. Co., 66 AD2d 808). Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.