■ DAVID J. MORRISON et al., as Administrators of the Estate of MICHAELINE M. MORRISON, Deceased, Appellants, v JAMES R. ELLIS, Defendant, and WARREN K. KUMM et al., Respondents. (Appeal No. 2.) — Order reversed, with costs, and motion to compel discovery granted, in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: Two months after plaintiffs' decedent was killed in a motor vehicle accident, counsel hired an investigator to locate the vehicle, owned by defendant General Foods Corp., in which decedent was a passenger. After several unsuccessful attempts to locate the auto, the investigator was told that the car had been dismantled and was no longer in existence. Plaintiffs then requested a report prepared by an expert hired by defendant. Defendant permitted plaintiffs to have a copy of the report, but with substantial deletions, contending that the deleted matter contains the expert's opinions rather than factual material. Special Term denied plaintiffs' motion to compel discovery. It is settled law that an expert's opinion, prepared for litigation, is generally not discoverable (CPLR 3101, subd [d], par 1). An exception to this general rule operates when the material can no longer be duplicated and withholding it would result in injustice or undue hardship (CPLR 3101, subd [d]). Where an article involved in an accident is no longer available to a party, disclosure of an expert's report concerning the article is generally permitted (see, e.g., *Tessoni v Bliss Co.*, 81 AD2d 612 [power press machine]; *Cepin v Cepin*, 66 AD2d 764 [automobile]; *Brandes v Pettibone, Inc.*, 62 AD2d 1133 [crane]; *Bush v E. H. Cottrell, Inc.*, 33 AD2d 983 [statement by a mechanic who examined the automobile]). Plaintiffs have demonstrated adequate special circumstances to require defendant to turn over to them a copy of the report prepared by the expert, without redaction (see *Brandes v Pettibone, Inc., supra,* p 1133). Special Term also should have granted plaintiffs' motion seeking oral examination of defendant's expert, limited to factual findings (see *Coley v Michelin Tire Corp.*, 75 AD2d 610, 611; *Cepin v Cepin, supra,* pp 765-766). (Appeal from order of Supreme Court, Erie County, Gossel, J. — renew-reargue.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.

■ ROBERT D. OSTERHOUT et al., Doing Business as BLACK RIVER TREE SERVICE, Respondents, v HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant. — Judgment reversed, without costs, and judgment granted in favor of defendant in accordance with memorandum. All concur, Simons, J. P., not participating. Memorandum: The judgment is reversed and judgment is granted in favor of the defendant declaring that it is not obligated to defend the plaintiff in a personal injury action that arose out of the operation of a snowmobile. The policy of insurance provides that it does not apply to "the operation or use of any snowmobile or trailer designed for use therewith". We accord this phrase its natural meaning and we decline to accept the strained construction advanced by plaintiff. The phrase "designed for use therewith" obviously refers to a trailer designed for use with a snowmobile. The phrase does not refer to a snowmobile or trailer designed for use with a "racing * * * contest," which is the subject of the exclusion in the preceding, separately numbered clause. (Appeal from judgment of Supreme Court, Jefferson County, J. O'C. Conway, J. — declaratory judgment.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.