■ Jane C. Nagel, Individually and as Administratrix of the Estate of Ralph Nagel, Deceased, Appellant, v Edward Metzger et al., Defendants, and A-T-O, Inc., et al., Respondents. (And Third-Party Actions.) — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term's order requiring plaintiff to supply the names and addresses of all persons who had custody of the wire rope claimed to have been on the crane at the time of the accident and the names

and addresses of all persons who witnessed demonstration lifts made by the crane following the accident and to produce such witnesses for oral deposition is too broad. CPLR 3101 (subd [a]) provides for full disclosure of all evidence material and necessary in the prosecution or defense of an action, regardless of the burden of proof. "Material and necessary" are "to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). However, plaintiff is not required to identify her expert witness or reveal such testimony unless defendants make a showing of special circumstances (CPLR 3101, subd [a], par [4]; *Kincaid v Sears, Roebuck & Co.,* 79 AD2d 1094, 1095; *Fisher v General Motors Corp., Pontiac Motor Div.,* 69 AD2d 990). An expert's opinion, prepared for litigation, is generally not discoverable (CPLR 3101, subd [d], par 1) unless the material can no longer be duplicated and withholding it would result in injustice or undue hardship (*Morrison v Ellis,* 91 AD2d 1172). The wire rope is available for inspection and has, in fact, been examined by defendant Bethlehem's expert. The only unresolved issue is the chain of custody pertaining to the possession of the wire rope. We find no special circumstances which justify oral examination of plaintiff's expert to determine the chain of custody. Defendants may realize full disclosure of all evidence material and necessary through written interrogatories whereby plaintiff shall disclose: (1) the chain of custody of the wire rope claimed to have been on the crane at the time of the accident referred to in the complaint; and (2) the "factual observation" of those representatives of plaintiff who observed the demonstration lifts of the crane and the wire rope performed by Mr. Metzger following the accident. Such interrogatories may not include questions as to witnesses' opinions nor seek the names of plaintiff's experts (*Coley v Michelin Tire Corp.,* 75 AD2d 610). (Appeal from order of Supreme Court, Erie County, Mintz, J. — discovery.) Present — Dillon, P. J., Callahan, Doerr, Boomer and Moule, JJ.