■ THOMAS VALET, Respondent, v AMERICAN MOTORS INCORPO-RATED et al., Appellants. — Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered February 3, 1984, which, *inter alia,* granted plaintiff's cross motion to strike defendants' answer unless defendants served further answers to certain of plaintiff's interrogatories, unanimously modified, on the law and in the exercise of discretion, without costs, to limit the interrogatories as detailed in this memorandum.

Plaintiff's action, sounding in negligence, strict products liability and breach of warranty, seeks damages for personal injuries he received in March, 1980 when his 1980 Jeep model CJ-7 rolled over three times. Plaintiff claims, in essence, that the vehicle had an unreasonably high center of gravity in relation to its narrow track width and wheelbase, which allegedly made it prone to roll over during ordinary highway maneuvers such as U-turns and left turns at reasonable speeds.

On May 20, 1982 plaintiff served upon defendants a notice of discovery and inspection seeking production of 19 groups of documents and a set of 38 interrogatories. On October 24, 1983 plaintiff moved, *inter alia,* for an order directing defendants to provide further responses to 22 of the interrogatories. The court granted the motion in part, and the defendant now appeals from that order insofar as it directed further answers to Nos. 9, 17, 19, 20, 25, 36 and 37.

Interrogatory No. 9 inquires whether the 1980 CJ-7 Jeep had been tested for design safety and seeks certain specifications regarding any such tests that were conducted. It is clear from the requested specifications that plaintiff was concerned with tests relating to the vehicle's stability and resistance to rollover during turns. Defendants refused to answer, claiming the interrogatory is overly broad since it might refer to tests of door-latches, seatbacks, tires and any number of vehicle components unrelated to high center of gravity and instability, the specific

design defects alleged in the complaint. This interpretation seems to us overly literal and unrealistic. Defendants went on to express their willingness to respond "if plaintiff will direct his inquiry to tests relating to the operation or function of components which are reasonably put in issue by the manner in which the accident described in plaintiff's complaint is alleged to have occurred." We direct defendants to do so, observing that they should have done so in the first place.

Interrogatories Nos. 17, 19 and 20 request the names of witnesses (other than eyewitnesses) who had information relating to the accident, or to investigations conducted by the defendants to support their defenses that the vehicle was misused and that plaintiff could have discovered any claimed defect in the vehicle by the exercise of reasonable care. Since defendants were sued 22 months after the accident occurred, these interrogatories appear to request materials constituting attorney's work product and material prepared for litigation. In the absence of a finding, or an apparent basis for such a finding, that such material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship, defendants need not submit further answers to these interrogatories except insofar as they may seek investigations or reports prepared in the regular course of business. (CPLR 3101 (subds [c], [d]; *Nagel v Metzger,* 96 AD2d 738; *Kincaid v Sears, Roebuck & Co.,* 79 AD2d 1094.)

Interrogatory No. 25 seeks information concerning lawsuits for personal injuries commenced against defendants during the period 1980 through 1982 involving the 1980 CJ-7 Jeep. Defendants have agreed on this appeal to provide information concerning any such lawsuits in which it was alleged that a 1980 CJ-7 overturned, and that appears to us to be a reasonable limitation on such disclosure given the nature of the allegations in the complaint. (*Bertocci v Fiat Motors,* 76 AD2d 779; *Carnibucci v Marlin Firearms Co.,* 51 AD2d 1067.)

Finally, interrogatories Nos. 36 and 37 seek the number of Jeep lawsuits commenced in 1980 and 1981, and how many of those involved rollover accidents. Special Term directed defendants to furnish the captions and index numbers of all accidents similar in nature to the instant action involving CJ-5 and CJ-7 Jeeps for a period of three years prior and subsequent to the date of this accident. Defendants object to the ordered disclosure on the grounds that it exceeds plaintiff's request, and that the CJ-5 model is substantially different from the CJ-7. We find the specifications of the two models to be sufficiently similar in regard to center of gravity and track width to warrant the

disclosure of the captions and index numbers of rollover actions involving both Jeep models. (Cf. *Bertocci v Fiat Motors,* 76 AD2d 779, *supra; Johantgen v Hobart Mfg. Co.,* 64 AD2d 858; *Ruggles v White Metal Rolling & Stamping Corp.,* 86 AD2d 847.) The period covered should be limited to the years 1980 and 1981 as specified in these two interrogatories.

Defendants shall answer the interrogatories as directed in this memorandum within 30 days of service upon them of this court's order with notice of entry. Concur — Sandler, J. P., Silverman, Fein and Kassal, JJ.