■ Thomas Greene, Individually and as Father and Natural Guardian of Kivia Greene, an Infant, Appellant, v Tracey Lee et al., Defendants, and Inter City Tire & Auto Center, Inc., Defendant and Third-Party Plaintiff. Rallye Motors, Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Burchell, J.), dated February 21, 1984, as granted that branch of respondent's motion as sought an order directing plaintiff to provide respondent with (1) "any photographs in plaintiff's [*sic*] possession taken by him or on his behalf of the accident scene

shortly after the accident" and (2) "copies of any expert reports commissioned by [plaintiff] relative to the vehicle involved in the accident that was occupied by [plaintiff] as well as any photographs taken in connection therewith".

Order reversed insofar as appealed from, with costs, and the aforenoted branch of respondent's motion denied.

The material sought by respondent from plaintiff (as listed in the notice to produce dated February 22, 1983) was clearly material prepared for litigation, which enjoys a privilege from disclosure except in certain circumstances (*see,* CPLR 3101 [d]; *Rosado v Mercedes-Benz,* 90 AD2d 515; *Morrison v Ellis,* 91 AD2d 1172; *Pinn v Supermarkets Gen. Corp.,* 104 Misc 2d 1112). Accordingly, plaintiff did not waive his objection to the disclosure of these materials by failing to move for a protective order within 10 days of service upon him of the notice to produce (CPLR 3122; *Whittington v Rectors, Wardens & Vestry,* 54 AD2d 2d 732).

With regard to the merits, (1) as previously noted, it is a well-settled rule that material prepared solely for litigation purposes is generally not discoverable and (2) an exception to this well-settled general rule exists when the material can no longer be duplicated and withholding it would result in injustice or undue hardship (CPLR 3101 [d]; *Morrison v Ellis, supra*).

In this regard, it should be noted that respondent's moving papers are totally silent as to any need for the disclosure of these materials. Indeed, plaintiff alleged in his opposing affidavit submitted to Special Term, and in his appellate brief, without contradiction by respondent, that (1) shortly after the accident, numerous photographs were taken by the police of the accident scene and the vehicles involved and are available from the police department, and (2) the tires of the vehicle in which the infant plaintiff was riding at the time of the accident (which he alleges were faulty and constituted the proximate cause of the accident), are being held at the police station and are accessible to all parties for testing. Under these circumstances, Special Term erred in granting the aforementioned branch of respondent's motion (*Rosado v Mercedes-Benz, supra*). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.