■ RICHARD OPPENHEIM et al., Respondents, v TRAVELERS INSURANCE COMPANY et al., Appellants, et al., Defendants.—In an action to recover damages based on a violation of General Business Law § 340, the defendants Travelers Insurance Company and the Nelson Company separately appeal from an order of the Supreme Court, Suffolk County (Jones, J.), dated April 9, 1985, which denied the motion of the defendant the Nelson Company and the cross motion of the defendant Travelers Insurance Company, to dismiss the complaint as against them.

Order affirmed, with one bill of costs.

In *Oppenheim v Travelers Ins. Co.* (90 AD2d 515), this court, *inter alia,* granted a new trial in this action on the basis of newly discovered evidence. This new evidence consisted of two documents: (1) a telex which was purported to be from a representative of the defendant the Nelson Company, and (2) a letter, ostensibly written by this representative. The parties subsequently conducted discovery limited to matters relating to the newly discovered evidence. After the completion of discovery, the defendant the Nelson Company moved, and the defendant Travelers Insurance Company cross-moved for an order dismissing the complaint on the ground that the newly discovered evidence was "unauthenticated", and the documents would thus be inadmissible. Special Term denied the motion and cross motion of the appellants, finding that the prior order of this court constituted the law of the case on the issue of the sufficiency of the new evidence. The appellants contend that the newly discovered evidence is inadmissible.

Although we believe that the "law of the case" rationale employed by Special Term is inapplicable under the facts and circumstances herein, we nevertheless affirm the order denying the appellants' motion and cross motion to dismiss the complaint as against them. The admissibility of the evidence is a question for the trial court, and the weight to be accorded the evidence is an issue to be determined by the trier of fact. The plaintiffs were therefore under no obligation to establish the authenticity of the documents prior to the trial. Mollen, P. J., Thompson, Bracken and Rubin, JJ., concur.