■ RUTH A. CHOINIERE, as Executrix of JOHN A. CHOINIERE, Deceased, et al. Respondents, v AMERICAN MOTORS CORP. et al., Appellants, et al., Defendants. (And Another Action.)—In an action to recover damages for wrongful death, American Motors Corporation and Jeep Corporation appeal from so much of an order of the Supreme Court, Queens County

(Lerner, J.), dated September 23, 1986, as granted the plaintiff's motion to vacate certain notices of depositions served by the appellants upon nonparty witnesses.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion is denied; in the event the parties and the nonparty witnesses cannot agree as to a time and place for the examinations before trial, they shall proceed at a time and place to be fixed by the appellants who shall give written notice thereof to the plaintiff and the nonparty witnesses not less than 10 days before the scheduled examinations.

The plaintiff claims damages for the alleged wrongful death of her decedent arising out of a one-vehicle accident, upon the theories of negligence and products liability. The appellants, in an attempt to secure information with respect to the decedent's medical history, served notices to take deposition upon certain nonparty witnesses pursuant to CPLR 3101 (a) (4). The plaintiff moved to vacate such notices on the ground that the appellants failed to demonstrate that special circumstances existed which would justify the depositions of the nonparty witnesses.

We find that the court erred in granting the plaintiff's motion to vacate the notices to take deposition of the three nonparty witnesses. The appellants made an adequate showing that, in order to prepare for trial, it was necessary to examine two of the decedent's treating physicians and the insurance company which had administered his medical insurance plan (see, New England Mut. Life Ins. Co. v Kelly, 113 AD2d 285; Heitzman v Abrahamson, 97 AD2d 811). It appears that the decedent suffered from high blood pressure and obesity for several years prior to his death. The decedent's psychiatrist indicated at her deposition that she had no records with respect to the decedent. The nonparties, however, have possession of records pertaining to the decedent's medical condition, illnesses and physical complaints in the not-too-distant past. Such information is material and necessary (see, CPLR 3101 [a]; Shapiro v Levine, 104 AD2d 800, 801) to the preparation of the appellants' defense to the action, especially with respect to an evaluation of damages (see, Wiseman v American Motors Sales Corp., 101 AD2d 859). Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.