*599 OPINION OF THE COURT
Patrick H. Mathews, J.
The objectants herein have moved pursuant to CPLR 3122 for protection against several of the proponent’s disclosure requests; a hearing on that motion was held on November 29, 1990. The court made rulings from the bench on all of the objections to disclosure except the examination before trial of the decedent’s treating physician, Dr. R. Thomas Abderhalden, which objection is herein decided.
The objectants’ position with respect to the doctor is that he cannot be examined because he is their expert witness. The proponent argues that CPLR 4504 (c) (3) mandates disclosure in these very circumstances; and that the doctor has material and necessary information about issues relevant to the proceeding, including knowledge of the circumstances surrounding the decedent’s competency to sign a "do not resuscitate” order for the doctor during the same period of time in which she had signed the contested will.
It is undisputed that this doctor has information concerning the decedent’s mental condition which is based upon his personal observations of her at a time relevant to these proceedings. This information, which the court finds to be exclusive, material, and necessary to the proponent in preparation for a trial in which the testamentary capacity of the decedent is at issue, is not only required to be disclosed by CPLR 4504 (c) (3),[1] but is precisely the type of information which should be disclosed by a nonparty pursuant to the liberal, full disclosure policy embodied by CPLR 3101 (O’Neill v Oakgrove Constr., 71 NY2d 521 [1988]; Choiniere v American Motors Corp., 133 AD2d 332 [2d Dept 1987]; Desai v Blue Shield, 128 AD2d 1021 [3d Dept 1987]; Villano v Conde Nast Publs., 46 AD2d 118 [1st Dept 1974]).
Dioguardi v St. John’s Riverside Hosp. (144 AD2d 333 [2d Dept 1988]), cited to the court by the objectants in support of their position, involved a personal injury action with several treating physicians. Unlike the circumstances at bar, the facts of that case did not satisfy the lower court that the O’Neill standard for disclosure of a nonparty physician had been met.
For the foregoing reasons, the court finds that the *600 proponent has made the requisite showing for an examination before trial of this nonparty witness.[2]
Moreover, the objectants’ characterization of the witness as their expert cannot immunize him from the requested disclosure. While the general rule is that, absent difficulty in otherwise obtaining an expert, one party cannot examine the other party’s expert witness, that rule does not apply under the circumstances at bar. Regardless of the expert capacity in which the objectants plan to use this witness, Dr. Abderhalden is, as the decedent’s treating physician, also a factual witness with personal knowledge relevant to the issues before the court (3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.52a, at 31-214; Regan v State of New York, 50 AD2d 619 [3d Dept 1975]). In his capacity as treating physician, he may be questioned as to his personal observations of the decedent, including any conclusion as to her mental condition which he may have drawn as part of, or in relation to, her diagnosis, care and treatment (see, Hoenig v Westphal, 52 NY2d 605, 609 [1981]). Clearly, such opinion, formulated at that time and for those purposes, is factual matter within the scope and intention of CPLR 4504 (c) (3) and 3101.
Although the court is of the opinion that in a contested probate proceeding, the search for the truth should permit the examination of a treating physician as to all relevant matters, factual and expert, the only authority even touching on the question of such expert examination does so in the context of medical malpractice, wherein a doctor who is also a defendant (or one who is a potential defendant or is otherwise interested) may be questioned as to his expert opinion (see, McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20 [1964]; Johnson v New York City Health & Hosps. Corp., 49 AD2d 234 [2d Dept 1975]; Wilson v McCarthy, 57 AD2d 617 [2d Dept 1977]; Cruz v City of New York, 135 Misc 2d 393 [Sup Ct, NY County 1987]).
Nevertheless, it seems eminently unfair that although the doctor is in a unique position with respect to the ultimate question of testatrix’ mental capacity at the time of the execution of her will, the objectants are able to deprive the *601 proponent of pretrial access to this witness by the simple expedient of declaring him to be their expert. Moreover, it is clear that under the circumstances, the proponent cannot duplicate the doctor’s opinion through another expert. Therefore, as a matter of discretion in the interests of justice, the court shall allow this witness to be examined as to his expert opinion in all matters relevant to this proceeding.
Finally, with respect to the hospital records subpoenaed by the objectants, such records shall be available for copying by both sides to this action. Although at oral argument the objectants contended that the proponent should not have reviewed the records, CPLR 4504 gives the proponent as next of kin, the right to do so. While the court would prefer that the records be reviewed and copied, if necessary, at Surrogate’s Court, counsel may, upon mutual agreement, remove them for copying.

. No argument has been made, nor, under the circumstances, could be made, that the physician-patient privilege has not been waived (CPLR 4504 [c] [3]).

. At oral argument, the court ruled that the notice served upon Dr. Abderhalden sufficiently complied with CPLR 3101 (a) (4) in that the reasons and circumstances for the disclosure were clearly discernible/inferable from the nature of the information sought. In any event, any perceived deficiency in the notice was amply rectified by the proponent’s showing of need in response to this motion.