OPINION OF THE COURT
Eugene E. Peckham, J.
Decedent, Jung-Chao Liu, at his death owned assets in both the United States and Taiwan necessitating proceedings in Taiwan for payment of the estate tax in Taiwan. James, Mark and Jean Liu object to the accounting of Su-Lien Chen, as administrator of her deceased husband’s estate, alleging, among other grounds, that Ms. Chen delayed the estate tax proceedings in Taiwan resulting in a decline in value of the assets of the estate. Objectants are represented in this contested accounting proceeding by the Binghamton firm of Hinman, Howard & Kattell, LLP It has been represented to the court that under Taiwan law no assets can be sold or distributed until the tax is paid and the tax is apportioned among the beneficiaries of the estate.
Objectants retained the Taiwanese law firm of Lee & Li to represent their interests in the Taiwanese estate tax proceedings. Objectants have proposed in their expert disclosure pursuant to CPLR 3101 (d) to call an attorney from the firm of Lee & Li to testify as an expert that the administrator “delayed the Taiwan estate administration; and that said delays caused damages to the estate under Taiwan law.” The administrator has moved to preclude objectants from calling any member of the firm of Lee & Li as an expert and also to preclude objectants from calling any expert at trial for failure to comply with this court’s scheduling order.
*940 The primary ground for disqualification alleged by object-ants is the advocate-witness rule of Code of Professional Responsibility DR 5-102 (a) (22 NYCRR 1200.21 [a]). It provides that a lawyer should not be both the advocate on behalf of a client before any tribunal and also be called as a witness at the trial.
In the present case objectants will be represented at trial by their New York attorneys from the firm of Hinman, Howard & Kattell, LLP No attorney from Lee & Li will be trial counsel and thus an advocate before the court. Rather, the attorney from Lee & Li will only be an expert witness. “The plain language of D.R. 5-102(a) applies to attorneys intending to act as ‘an advocate on issues of fact before any tribunal.’ ” (Occidental Hotels Mgt. B.V.v Westbrook Allegro L.L.C., 440 F Supp 2d 303, 314 [SD NY 2006].) In that case the former general counsel for the entity sold to plaintiff by defendant, who would be a witness, was also a former associate of the firm representing defendant as trial counsel. Since the former general counsel would not serve as trial counsel the court held that the argument for his disqualification as a witness was without merit.
In Nemia v Nemia (124 AD2d 407 [3d Dept 1986]), a matrimonial action, the Third Department held there was no reason to apply the advocate-witness rule. The purposes of the rule “are not implicated when a lawyer is a litigant as well as a witness, but not an advocate, even though a member of his or her [law] firm is trial counsel.” (Nemia at 408.)
The effective holding of these cases is that where an attorney is neither an advocate nor trial counsel in the case on trial the attorney may testify as a witness. That attorney may also be an expert witness.
An analogous situation is that of a treating physician who also testifies as an expert. (Andrew v Hurh, 34 AD3d 1331 [4th Dept 2006]; Diarassouba v Urban, 24 AD3d 602 [2d Dept 2005]; Matter of DeFilippo, 149 Misc 2d 598 [Sur Ct, Chemung County 1990].) Here Lee & Li in its representation and advice to object-ants on the Taiwan estate tax proceedings is in a similar situation to the treating physician in that it advised objectants about how to treat the estate tax in Taiwan. Thus, Lee & Li can similarly testify as an expert, subject to proof of the attorney’s qualification as an expert.
Since Lee & Li previously represented objectants in this matter, the attorney testifying would be subject to cross-examination as to bias. In calling such attorney as an expert, objectants *941 would also be waiving any claim of attorney-client privilege in testimony by that attorney about advice given to them on the Taiwan estate tax proceedings. The weight to be accorded the expert’s testimony, based upon his qualifications, is for the trier of fact. (Borawski v Huang, 34 AD3d 409 [2d Dept 2006]; Beizer v Schwartz, 15 AD3d 433 [2d Dept 2005].)
The administrator also seeks to preclude objectants from calling any expert because of alleged failure to comply with this court’s scheduling order. The claimed failure is that the expert disclosure lacks the specificity required by CPLR 3101 (d). That section requires disclosure of “the substance of the facts and opinions on which each expert is expected to testify . . . and a summary of the grounds for each expert’s opinion.” (CPLR 3101 [d] [1] [i].)
It is clear that CPLR 3101 (d) sets no time limit for responding to the demand for expert disclosure. (Siegel, NY Prac § 348A, at 564-565 [4th ed].) The court agrees that the statement in objectants’ disclosure lacks specificity. Merely stating that the administrator delayed the Taiwan estate tax proceedings is simply stating the conclusion of objectants’ claim. (Brossoit v O’Brien, 169 AD2d 1019 [3d Dept 1991].) Objectants must state the precise nature of the claimed delay by the administrator, when and for how long it occurred and the grounds for the expert’s opinion. To remedy this default in specificity objectants shall disclose such additional information within 10 days from the date hereof.