JOSEPH TOTORITUS, Respondent, *v.* PETER STEFAN, Appellant, et al., Defendant.

First Department, July 1, 1958.

*Thomas Rattigan* of counsel (*Garvey & Conway,* attorneys), for appellant.

*Louis J. Jasne* for respondent.

*Per Curiam.* Defendant in a personal injury negligence action appeals from an order on plaintiff's motion requiring, among other things, that defendant furnish copies of a statement made by plaintiff to defendant's investigator.

The statement was obtained from plaintiff before the action was commenced and before plaintiff was represented by counsel, and in the absence of counsel or legal advice. He was not given a copy of the statement he signed. Under the circumstances, copies of the statement should be made available to plaintiff.

While it is recognized that such discovery affords a party an opportunity to accommodate his testimony to the prior statement (assuming that the statement, as recorded, is an accurate one), it also provides an opportunity to the party to correct any inaccuracies or distortions that may have occurred in the recording of the statement. No generalization is safe which is based on any premise which assumes the integrity, or lack of it, either in the giving of the prior statement or in the recording thereof. (See, e.g., *La Maida* v. *Miledna Realty Corp.,* 182 Misc. 690; cf. *Destin* v. *Bernhard Mayer Estate, Inc.,* 123 N. Y. S. 2d 271.)

For these reasons this court favors the rule adopted in the Third Department in *Wilhelm* v. *Abel* (1 A D 2d 55). Acceptance of that rule in this department was presaged in *Urbina* v. *McLain* (4 A D 2d 589), a recent decision which denied discovery of a witness' statement, but in passing noted, by contrast, that recent cases have adopted the rule permitting inspection of a party's own statement to the opponent's investigator. It was there also pointed out that since a statement of a party may constitute an admission which could be received in evidence, it is a proper item for inspection. (For cases at the appellate level and at Special Term illustrating the positive movement toward inspection of statements obtained from the opposing party, see Tripp, A Guide to Motion Practice [rev. ed.], p. 215.)

This holding is consonant with the policy of broadening pretrial discovery. It is also suggested by the danger and unfairness which frequently occur in the taking of statements from laymen by laymen in the absence of counsel or legal advice. This is aggravated when a copy of the statement is not given the maker.

Accordingly, the order granting plaintiff's motion should be affirmed on the law and on the facts, and in the exercise of discretion, with costs to plaintiff-respondent.

McNALLY, J. (dissenting). I vote to reverse and deny the application for a discovery and inspection of the statement given by the plaintiff to the defendant's investigator. No special circumstances have been shown to exist and no fraud or deception has been practiced, and I see no reason for changing the existing rule.

BOTEIN, P. J., BREITEL and RABIN, JJ., concur in *Per Curiam* opinion; McNALLY, J., dissents in opinion, in which M. M. FRANK, J., concurs.

Order so far as appealed from affirmed, with $20 costs and disbursements to the respondent.