EDWARD M. DUNNING et al., Doing Business as DUNNING BUICK, Appellants, v SHELL OIL COMPANY et al., Respondents, and LAWRENCE E. WILSON et al., Defendants and Third-Party Plaintiffs-Respondents; E. W. MILSTREY AND SON, INC., Third-Party Defendant.

Third Department, April 7, 1977

*Pemberton, Buchyn & O'Hare (James L. Pemberton* of counsel), for appellants.

*Dugan, Lyons, Pentak, Brown & Tobin (Kevin P. Glasheen* of counsel), for respondents.

*Carter, Conboy, Bardwell, Case & Blackmore (Randall J. Ezick* of counsel), for defendants and third-party plaintiffs-respondents.

*Maynard, O'Connor & Smith* for third-party defendant.

KANE, J. Plaintiffs commenced this action in 1974 seeking money damages for the injuries sustained by their property in May of 1971 as the result of a fire allegedly caused by a leakage from underground gasoline storage tanks located across the road and at a higher elevation on defendants' premises. Shortly after the fire, plaintiffs had engaged the services of a geologist to conduct certain tests on the soil of their premises and report his findings. Defendants first learned of this activity during the course of preliminary proceedings and requested copies of this material. Plaintiffs refused. Upon the affidavit of their expert alleging that "there has been such a drastic and significant change in the condition of the soil and the contents thereof so as to render any

testing or chemical analysis thereof as *[sic]* scientifically meaningless", defendants and third-party plaintiffs Wilson and Owens-Corning Fiberglass Corporation moved for an order directing plaintiffs to produce their expert reports, tests or summaries. Special Term granted the motion in its entirety and plaintiffs now appeal contending that the disclosure order is overly broad.

The applicable statute, CPLR 3101 (subd [d]), provides as follows:

"Material prepared for litigation. The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship:

"1. any opinion of an expert prepared for litigation; and

"2. any writing or anything created by or for a party or his agent in preparation for litigation."

Broadly speaking, the quoted language excepts materials prepared for litigation from the general policy favoring full disclosure. Of course, the protection extended is not absolute (cf. CPLR 3101, subds [b] and [c]) and such materials may be obtained when the two conditions mentioned are satisfied. Defendants assume that the work of the geologist was undertaken in preparation for litigation and plaintiffs are willing to disclose the results of his tests and analyses, conceding to that extent the adequacy of the reasons advanced to remove those conditions. However, plaintiffs argue that the *opinions* drawn by their expert are not subject to disclosure because defendants have not met the statutory requirements in that regard. We agree.

The wording "any writing or anything created * * * in preparation for litigation" is obviously broad enough to encompass the opinions of experts prepared for that same purpose and it would have been pointless to list such opinions as a separate classification of conditionally protected material unless some demarcation in treatment was foreseen. Case authority, at least by implication, tends to support this conclusion (see *Kraus v Ford Motor Co.,* 38 AD2d 680; *American Home Prods. Corp. v National Carloading Corp.,* 36 AD2d 934). It is not uncommon for experts to arrive at divergent opinions from identical sources of information and there has been no showing in the instant case that injustice or undue hardship would be worked on defendants if they were denied the benefit of having the opinions of plaintiffs' expert. In fact, a careful

reading of the affidavit of defendants' expert reveals that he is not so much interested in perusing those opinions as in obtaining test borings and related soil data that will allow him to formulate his own views on the condition of plaintiffs' premises. Moreover, it should be observed that the disclosing plaintiffs enjoy no reciprocal provision allowing them to receive the opinion of defendants' expert in return (cf. CPLR 3121, subd [b]). Under the circumstances presented, we think the distinct objectives of CPLR 3101 (subd [d]) will be properly served by excluding the opinions of plaintiffs' expert from the disclosure directed by Special Term.

The order should be modified, on the law and the facts, so as to provide that the opinions of plaintiffs' expert shall not be discoverable, and, as so modified, affirmed, without costs.

GREENBLOTT, J. P., MAHONEY, MAIN and HERLIHY, JJ., concur.

Order modified, on the law and the facts, so as to provide that the opinions of plaintiffs' expert shall not be discoverable and, as so modified, affirmed, without costs.