■  ETHELLEAN MCKENZIE, Respondent, v REGINALD MCKENZIE, Appellant.—Order unanimously reversed, without costs, plaintiff's motions denied and defendant's motions granted. Memorandum: In this divorce action based

on cruel and inhuman treatment defendant denies plaintiff's allegations that she contracted an infectious disease from defendant and was hospitalized for anxiety and depression due to his conduct. A copy of the note of issue, certificate of readiness and motion papers for a trial preference were served upon defendant's attorneys at the time of service of plaintiff's complaint. Thereafter defendant served a notice on plaintiff requesting requisite authorizations to obtain and copy specified hospital records and demanding a copy of any signed, recorded or other statement of the defendant in plaintiff's possession. Plaintiff then moved for a protective order vacating defendant's demand for discovery. Defendant moved to strike the note of issue and statement of readiness because a reasonable time had not been provided for the completion of pretrial procedures and to require compliance with his discovery demand. Special Term granted plaintiff's motions and denied defendant's cross motions. Defendant appeals and we reverse. Section 1024.4 of title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York dealing with Uniform Calendar and Practice Rules requires that a note of issue, with proof of service on all adverse parties, and the statement of readiness be filed at least 12 days before the beginning of a term in order to place the matter on any calendar for any Trial Term. That section further states that any party may move to strike the case from the calendar "on affidavit showing in what respects the case is not ready for trial" within 20 days after a note of issue and statement of readiness is filed (22 NYCRR 1024.4 [e]). At the time of the filing of the note of issue and statement of readiness defendant's time to answer the complaint had not expired and no opportunity had been granted him to conduct appropriate pretrial procedures. The certificate of readiness erroneously stated that service of all pleadings had been completed and that service of a bill of particulars and other discovery proceedings were waived; no stipulation of readiness was executed by the attorneys for the defendant. The case was not ready for trial and Special Term improperly denied defendant's motion to strike. Accordingly the order granting the trial preference was improper and is vacated (CPLR 3403). Further, plaintiff has placed in controversy in this action her physical and mental condition which she relates to her claim for relief and defendant is entitled to make a copy of her hospital records (CPLR 3121; *Wegman v Wegman,* 37 NY2d 940). Additionally, in the motion papers before the court the defendant swears that plaintiff has told him that she has certain tape recordings of him that she will use in the action. It is clear that defendant as a party is entitled to a copy of his existing statement, if any, in the possession or control of plaintiff (CPLR 3101, subd [e]). (Appeal from order of Erie Supreme Court—preference, discovery.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.