■ JOHN AUSTIN, Respondent, v COASTAL INDUSTRIES, INC., et al., Appellants, et al., Defendant.—In an action to recover damages for personal injuries, defendants Coastal Industries, Inc., and Coastal Chemical Company, a division of Coastal Industries, Inc., appeal from so much of an order of the Supreme Court, Orange County (Colabella, J.), dated January 3, 1983, as granted those branches of plaintiff's motion which sought production by them of (1) photographs and (2) reports of experts.

Order reversed insofar as appealed from, without costs or disbursements, and the branches of plaintiff's motion which sought production by the appellants of photographs and reports of experts denied.

On June 23, 1982, plaintiff John Austin was injured while installing a "Coastal Once-A-Week Tarry Automatic Chlorinator" in his outdoor in-ground pool. Plaintiff subsequently commenced the instant personal injury action against the appellants as the manufacturers and defendant Agway as the seller of the device. He, *inter alia,* sought an order directing the appellants to produce all photographs and experts' reports. In support of his motion, plaintiff's attorney submitted an affirmation which asserted that he had furnished appellants with his photographs and experts' reports.

Special Term erred in granting those branches of the plaintiff's motion which were for production by appellants of their photographs and experts' reports, in that such material was clearly prepared for litigation and is privileged from disclo-

sure except in certain circumstances (*see,* CPLR 3101 [d]). Plaintiff retained possession of the device and premises after the incident and has had ample opportunity to test, examine and photograph such in any way he saw fit (*see, Rosado v Mercedes-Benz,* 90 AD2d 515). Therefore, the withholding of this material will not result in "injustice or undue hardship" (*see,* CPLR 3101 [d]). There is no reciprocal provision in such statute allowing a disclosing plaintiff to receive the defendants' material in return (*see, Martinez v CPC Intl.,* 88 AD2d 656).

We have considered plaintiff's argument that appellants waived the protection afforded by CPLR 3101 (d) by their resort to discovery proceedings to obtain plaintiff's experts' reports and find that it has no merit. Bracken, J. P., O'Connor, Rubin and Kunzeman, JJ., concur.