OPINION OF THE COURT
David B. Saxe, J.
The issue raised by this motion is straightforward: where the defense in a personal injury action has, through surveillance, obtained videotapes and/or photographs of the plaintiff, is the plaintiff entitled to discovery of such tapes? The defendant in this action seeks a protective order vacating the plaintiff’s discovery and inspection notice, served over one year after note of issue was filed, which requests production of "all videotapes, surveillance tapes, photographs or recordings made of the plaintiff.” The defendant takes the position that such materials are protected as prepared in anticipation of *258 litigation, and further, that the filing of the note of issue cuts off any further right to disclosure.
Neither party offers any case law from the courts of this State on all fours with the present case. However, the plaintiff notes that in Saccente v Toterhi (35 AD2d 692 [1st Dept 1970]) the plaintiff was permitted discovery of photographs taken by a representative of the defendants’ insurance carrier, the court analogizing the situation so as to apply the rule that "[a] party may obtain a copy of his own statement” (CPLR 3101 [e]; see, Saccente v Toterhi, 35 AD2d 692, supra). Additionally, the court noted that "permitting discovery here is consonant with the modern trend toward allowing full disclosure and construing narrowly limitations, particularly where no prejudice is shown” (supra, at 692).
The policy of broad and liberal disclosure has been applied so as to prevent surprise or prejudice at trial in many decisions of courts in other jurisdictions which permitted disclosure of surveillance films, videotapes, and the like (see, e.g., Olszewski v Howell, 253 A2d 77 [Del Super Ct 1969]; Boldt v Sanders, 261 Minn 160, 111 NW2d 225 [1961]). Moreover, in response to the claim of "work product,” courts in other jurisdictions have permitted the discovery, holding that absent disclosure, the plaintiff would be confronted with undue hardship in obtaining by other means the substantial equivalent to the sought materials (see, Snead v American Export — Isbandsten Lines, 59 FRD 148 [ED Pa 1973]; Jenkins v Rainner, 69 NJ 50, 350 A2d 473 [1976]; Martin v Long Is. R. R. Co., 63 FRD 53 [ED NY 1974]).
Similarly, the CPLR provision relied upon by the defendants, CPLR 3101 (d) (2), permits an order for production of materials prepared in anticipation of litigation, if "the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials”.
I agree with the reasoning in Jenkins v Rainner (350 A2d 473, 477, supra) that the requisite substantial need is established by the plaintiff’s need to examine and perhaps test the films as to authenticity, and that the hardship in obtaining a substantial equivalent is manifest. Additionally, such disclosure is clearly consonant with modern policies of broad disclosure.
Accordingly, the defendants’ motion for a protective order is denied.