FOURTH DEPARTMENT, DECEMBER, 1991

(December 26, 1991)

■ ANTHONY J. DiMICHEL, Respondent, v SOUTH BUFFALO RAILWAY COMPANY, Appellant.—Order modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: The court ordered defendant to provide to plaintiff for inspection and copying all videotapes and/ or surveillance films of plaintiff. We agree that such materials generally are discoverable (see, Marte v Hickok Mfg. Co., 154 AD2d 173). That order is modified, however, to the extent that defendant must provide to plaintiff those surveillance materials it intends to use at trial, and is precluded from using any

surveillance material that it does not supply to plaintiff within 60 days of the date of this order *(see, Marte v Hickok Mfg. Co., supra,* at 178; *see also, Snead v American Export-Isbrandtsen Lines,* 59 FRD 148).

Although the surveillance material does not constitute a statement discoverable pursuant to CPLR 3101 (e) *(cf., Saccente v Toterhi,* 35 AD2d 692), it does constitute material prepared for litigation, discoverable upon a showing that the party seeking discovery has a substantial need of the materials in preparation of the case and is unable without undue hardship to obtain their substantial equivalent by other means (CPLR 3101 [d] [2]). It cannot be gainsaid that plaintiff has a substantial need for discovery of the surveillance materials based on the fact that "visual reproductions may not always provide a correct picture of what they purport to depict since they are subject to manipulation" *(Marte v Hickok Mfg. Co., supra,* at 176; *see, Snead v American Export-Isbrandtsen Lines, supra).* For that same reason, it is impossible for plaintiff to obtain the substantial equivalent of the surveillance materials by other means. Moreover, the general rule is that, "[d]iscovery should be permitted of any matter ' "which is sufficiently related to the issues in litigation to make the effort to obtain it in preparation for trial reasonable" ' *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406-407, quoting 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101:07, p 31-13)" *(Matter of Xerox Corp. v Sanger,* 104 AD2d 720, 721).

All concur, except Balio and Lawton, JJ., who dissent and vote to reverse, in the following Memorandum.

Balio and Lawton, JJ. (dissenting). We respectfully dissent. Surveillance tapes or films taken of the plaintiff for the purpose of use at trial constitute material prepared solely for litigation and enjoy a conditional privilege from disclosure *(see,* CPLR 3101 [d] [2]; *Greene v Lee,* 112 AD2d 140). In the instant case, plaintiff failed to show factually that he has a *"substantial* need of the materials in the preparation of the case" *and* that he "is unable without undue hardship to obtain the *substantial equivalent* of the materials by other means" (CPLR 3101 [d] [2]; emphases added), and the court abused its discretion in compelling disclosure of the tapes or film. Plaintiff is fully aware of the nature of his physical condition and the extent of his disability. He makes no assertion that he lacks expert medical evidence to support his position regarding injuries and disability or that he lacks witnesses who can testify regarding his daily activities and

.. 

habits. Plaintiff, therefore, has the "substantial equivalent" of the surveillance films *(see, Austin v Coastal Indus.,* 112 AD2d 123).

Plaintiff likewise has failed to demonstrate a substantial need for the material. A demonstration of "substantial need" requires more than a showing that the material would be helpful or useful in preparing the case for trial. It requires some demonstration that a party will suffer undue hardship without pretrial discovery of the material. The surveillance tape or film, if used at all during trial, will be used solely to impeach plaintiff's credibility in the event he testifies in a particular manner regarding his physical condition and consequent disability. We conclude that the need expressed by plaintiff is not "substantial" and that plaintiff's motion should have been denied *(see, Wainwright v Dawn Servs.,* Civ No. 89-2032, US Dist Ct, ED La, Sept. 11, 1991; *Andras v Pontchartrain Materials,* Civ No. 88-0451, US Dist Ct, ED La, May 16, 1990; *MacIvor v Southern Pac. Transp. Co.,* Civ No. 87-6424-E, US Dist Ct, DC Ore, June 9, 1988; *Hikel v Abousy,* 41 FRD 152; *Mort v A/S D/S Svendborg,* 41 FRD 225; *but see, Forbes v Hawaiian Tug & Barge Corp.,* 125 FRD 505; *Daniels v National R. R. Passenger Corp.,* 110 FRD 160; *Martin v Long Is. R. R. Co.,* 63 FRD 53; *Snead v American Export-Isbrandtsen Lines,* 59 FRD 148). Although plaintiff expresses concern about the authenticity or accuracy of the tape, those matters may be challenged during voir dire, cross-examination or rebuttal in the manner traditionally used with photographs and recordings. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.—Discovery.) Present—Denman, P. J., Callahan, Pine, Balio and Lawton, JJ.