■ DAVID L. POOLE, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. (Appeal No. 1.)—Appeal dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; *see also,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Discovery.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.

■ DAVID L. POOLE, Respondent, v CONSOLIDATED RAIL CORPORATION, Appellant. (Appeal No. 2.)—Judgment affirmed without costs. Memorandum: On August 22, 1985, plaintiff was injured during the course of his employment with defendant when he fell off a ladder while working inside a gondola car. Plaintiff commenced this action alleging that the wood ladder was unsafe because it was not properly weatherproofed and coated with linseed oil as required by the company safety regulations. The jury awarded plaintiff damages in the amount of $4,152,000. On appeal, defendant argues that the court erred in various disclosure and evidentiary rulings, that the conduct of plaintiff's counsel in examining defendant's claims agent and in summation was improper and prejudicial,

that the court's charge was erroneous and that the verdict was excessive.

The court properly allowed plaintiff to produce two Reports of Unsafe Conditions dated June 12 and July 10, 1985 in which a fellow employee complained about using wood ladders that had not been treated with a preservative. That proof did not materially vary from the allegations in plaintiff's bill of particulars and was not prejudicial to defendant (see, Noce v Kaufman, 2 NY2d 347). Furthermore, the court did not abuse its discretion in refusing to allow defendant to present evidence of the unavailability of its foreman. The proffered testimony was not material to the central issue in the case, namely, the condition of the ladder and defendant's failure to use a preservative. The damages were not excessive. Plaintiff was 33 years of age when the accident occurred and suffered serious and permanent injuries, including a herniated disk, nerve root compression, radiculopathy and sexual impotence. The awards for pain and suffering, economic loss and medical expenses were supported by the evidence and within the range of the expert testimony. The court's ruling permitting plaintiff discovery of all surveillance material obtained by defendant was too broad and should have been confined only to surveillance materials defendant intended to use at trial (see, DiMichel v South Buffalo Ry. Co., 178 AD2d 914 [decided herewith]). That error, however, was harmless because the evidence of defendant's liability and plaintiff's damages was overwhelming and because defendant suffered no prejudice by the court's ruling. The court's charge was proper in all respects and the conduct of plaintiff's counsel was not so egregious to require reversal (see, Eschberger v Consolidated Rail Corp., 174 AD2d 983). Defendant's remaining contentions lack merit.

All concur, except Boomer and Lawton, JJ., who dissent in part and vote to modify, in the following Memorandum.

Boomer and Lawton, JJ. (dissenting). We dissent in part. The jury's award of $4,152,000, arrived at after less than two hours of deliberation, deviates materially from what is reasonable compensation (CPLR 5501 [c]). The jury's awards of $1,900,000 for future pain and suffering, $1,476,000 for future lost wages, and $500,000 for future medical expenses are grossly excessive. That is especially true given the fact that those awards were adjusted to present day value.

Plaintiff's injuries, while serious, do not support the individual awards. Plaintiff was awarded $500,000 for future medical expenses and $1,900,000 for future pain and suffering, despite

the proof that his injuries did not require his hospitalization and he never underwent a single surgical procedure. Plaintiff's medical bills during the five-year period between the date of the accident and the jury's verdict were only $12,000. Further, the jury's $1,900,000 award for future pain and suffering is inconsistent with its award of $100,000 for plaintiff's pain and suffering for the five years immediately after the accident. The award of $1,476,000 for future lost wages was also grossly excessive because plaintiff's average earned income for the three years preceding the accident was only $10,325. Further, the proof established that plaintiff, while unable to continue working on the railroad, was not precluded from sedentary or light work in the future. That excessive award was the product of Supreme Court's erroneous exclusion of defendant's proof of the amount that plaintiff could reasonably be expected to earn in alternate employment; thus, the jury was left to consider only the proof offered by plaintiff.

Indeed, those excessive awards can be explained only as being the result of prejudice introduced into the action by reason of erroneous court rulings and unfair tactics employed by plaintiff's counsel during trial and on summation. In this regard, Supreme Court erred in permitting plaintiff's counsel continuously to state or imply during trial that defendant wrongfully withheld evidentiary material from plaintiff during the discovery period, when in fact it properly withheld that evidence pursuant to court orders of protection *(see, Kavanaugh v Nussbaum,* 129 AD2d 559, 561, *mod on other grounds* 71 NY2d 535).* Likewise, Supreme Court erroneously granted an order requiring production by defendant, prior to trial, of all surveillance tapes of plaintiff *(see, DiMichel v South Buffalo Ry. Corp.,* 178 AD2d 914 [decided herewith]).* Despite the fact that defendant never offered the tapes into evidence, plaintiff's attorney commented on their existence and defendant's failure to introduce them into evidence much the same as one would comment on a missing key witness. Defendant was thus twice injured by the court's ruling that permitted the jury to speculate about what the tapes depicted and permitted it to infer that, if the tapes had been produced, they would have supported plaintiff's contentions. Additionally, the summation of plaintiff's attorney inflamed the jurors with repeated allegations of defendant's wrongfully withholding evidence. The summation of plaintiff's attorney was also replete with improper comments, misrepresentations of the evidence, references to nonevidentiary material, vouching for witnesses' credibility and references to private opinion *(see,*

*Berkowitz v Marriott Corp.*, 163 AD2d 52; *Giuamara v O'Donnell*, 96 AD2d 1049; *Laughing v Utica Steam Engine & Boiler Works*, 16 AD2d 294). Plaintiff's counsel went so far as to berate defendant in summation for its failure to produce its foreman, Mr. Fusco, at trial, even though counsel's objection, erroneously sustained by the court, precluded evidence that Fusco was unable to attend the trial due to open heart surgery *(see, People v Geoghegan,* 68 AD2d 279, 286, *affd* 51 NY2d 45).

While none of the aforesaid tactics and rulings, standing alone, would constitute reversible error, when taken in concert they create a climate of hostility against defendant, which prevented it from receiving a fair trial. In short, the verdict that awarded to plaintiff all that he asked was not compensatory but was punitive in nature. We would modify the judgment by ordering a new trial on the issue of damages. (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Callahan, J. P., Boomer, Green, Lawton and Davis, JJ.