THOMAS J. CARECCIA, Respondent, v EDWIN A. ENSTROM, Defendant, and COUNTY OF ROCKLAND, Appellant. (And a Third-Party Action.)

Third Department, January 16, 1992

## APPEARANCES OF COUNSEL

*Kornfeld, Rew, Newman & Ellsworth (Frank T. Simeone* of counsel), for appellant.

*Bower & Gardner (Barry Viuker, Jonathan Siegal* and *Steven J. Ahmuty, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

At issue on this appeal is whether videotapes which result from the surveillance of a personal injury plaintiff, conducted at the direction of defense counsel after commencement of the personal injury action, are discoverable upon demand by plaintiff. The First Department has held that such material must be produced upon demand, although disclosure "may properly be delayed until the party making the photograph, videotapes or movies has had the opportunity to depose fully the opposing party" *(Marte v Hickok Mfg. Co.,* 154 AD2d 173, 177). We decline to follow the First Department's ruling and, therefore, we reverse Supreme Court's order and deny plaintiff's motion to compel defendants to comply with the demand.

The basis for the First Department's holding in *Marte v Hickok Mfg. Co. (supra,* at 176) can be found in the following conclusion drawn by the court: "Thus, the possibility that a plaintiff would be less likely to perjure him or herself where visual reproductions are excluded from discovery must be counterbalanced by the abuse which can occur when such reproductions are withheld, and plaintiff is deprived of adequate time and opportunity to examine the accuracy of the photographs, videotapes or movies in question". In essence, the court struck a compromise of the parties' competing interests (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:46, at 70).

Our disagreement with the compromise struck by the First Department lies not in the logic and reasonableness of the result; rather, we are of the view that the statutory scheme

governing disclosure precludes the result. CPLR 3101 (d) (2) excepts materials prepared for litigation from the general policy favoring full disclosure *(e.g., Matter of Goldstein v New York Daily News,* 106 AD2d 323), and there can be no doubt that videotapes resulting from surveillance of a personal injury plaintiff, conducted at the request of defense counsel after the action was commenced, are materials prepared for litigation *(see, O'Connell v Jones,* 140 AD2d 676).

Plaintiff contends that the First Department's holding in *Marte v Hickok Mfg. Co. (supra)* is premised on the theory that photographs or videotapes of a party are the equivalent of a party's statements, which are discoverable under CPLR 3101 (e) even though they are obtained in anticipation of litigation *(see, Sands v News Am. Publ.,* 161 AD2d 30, 40). Although the decision in *Marte v Hickok Mfg. Co. (supra,* at 177) contains a reference to CPLR 3101 (e), it is doubtful that the holding was premised on that provision which "enables a party to *unconditionally* obtain a copy of his or her own statement" *(Sands v News Am. Publ., supra,* at 40 [emphasis supplied]). The *Marte* court, however, imposed a condition on disclosure of the videotapes, authorizing a delay in disclosure until after certain depositions had been conducted. In any event, regardless of the validity of equating photographs taken with a party's permission to that party's statements for the purpose of CPLR 3101 (e) *(see, Saccente v Toterhi,* 35 AD2d 692), no such correlation exists in the case of videotapes produced as a result of surveillance conducted after the action was commenced. If the videotapes at issue here can be equated to any type of verbal or written evidence, the equivalent would be the statements or report of an investigator hired by defense counsel to observe plaintiff's daily activities, not the statements of plaintiff. Material produced as a result of such an investigation would clearly fall within the scope of CPLR 3101 (d) (2) *(see, Puntoriero v Johnson,* 115 AD2d 229), and we see no basis for reaching a different conclusion as to the videotapes at issue here.

The protection extended by CPLR 3101 (d) (2) is not absolute *(see, Dunning v Shell Oil Co.,* 57 AD2d 16, 17). The rule permits an order for production of materials prepared for litigation if "the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials" (CPLR 3101 [d] [2]). The First Department did not discuss this provision in *Marte (supra),* but another

court has concluded "that the requisite substantial need is established by the plaintiff's need to examine and perhaps test the films as to authenticity, and that the hardship in obtaining a substantial equivalent is manifest" *(Prewitt v Beverly-50th St. Corp.,* 145 Misc 2d 257, 258, see, *Di Michel v South Buffalo Ry. Co.,* — AD2d — [4th Dept, Dec. 26, 1991]). The party seeking discovery has the burden of proving the elements necessary to obtain an order for production of material prepared for litigation *(Thibodeau v Rob Leasing,* 88 AD2d 1085). The record in this case contains nothing to show that a pretrial examination or testing of the videotapes would reveal anything relevant to their authenticity or accuracy that could not be revealed through ordinary trial tactics, such as voir dire and cross-examination of the person who made the videotapes. Nor is there anything in the record to show that when the request for the videotapes was made plaintiff's condition had changed to such a degree that he could no longer produce a videotape that would be a substantial equivalent of those obtained by defendant *(cf., Barber v Town of Northumberland,* 88 AD2d 712).

In contrast to the conclusion reached in *Prewitt v Beverly-50th St. Corp. (supra)* and *Di Michel v South Buffalo Ry. Co. (supra),* we are unwilling to conclude that the elements necessary for an order for production under CPLR 3101 (d) (2) are inherent in the very nature of the visual evidence, for such a conclusion would effectively rewrite the statute to create another exception to the rule governing material prepared for litigation *(see,* CPLR 3101 [d] [1]), which is the function of the Legislature, not the courts.

MIKOLL, J. P., YESAWICH JR., CREW III and HARVEY, JJ., concur.

Ordered that the order is reversed, on the law, with costs, and motion denied.