OPINION OF THE COURT
Marvin E. Segal, J.
On or about July 18, 1990, the plaintiff, Richard Ancona, commenced an action to recover damages for personal injuries allegedly sustained in a "slip and fall” in a restaurant owned and/or operated by the defendant, Net Realty Holding Trust Co. (hereinafter Net Realty). On or about April 11, 1991, *947 plaintiff served a demand for discovery and inspection upon said defendant. Item ”4” of said demand requires that said defendant furnish plaintiff’s counsel with "all photographs, motion pictures, videotapes, etc., taken of the plaintiff during and subsequent to the accident up to the time of trial.” By response dated May 1, 1991, Net Realty declined to respond to this item as "improper”. Net Realty’s response states that "[i]f any such photographs, motion pictures were taken or are to be taken subsequent to the accident, they will constitute material prepared for litigation and will be privileged and not subject to disclosure”.
Plaintiff now moves for an order pursuant to CPLR 3124 compelling Net Realty to comply with the aforesaid item "4”. In opposition, Net Realty advises the court that it does not possess any photographs, motion pictures or videotapes taken of plaintiff during the accident. Said defendant does not disclose whether or not it is in possession of photographs, motion pictures or videotapes made of plaintiff subsequent to the accident, but asserts that if it did possess such items, they would constitute privileged materials prepared for litigation.
CPLR article 31 directs that there shall be "full disclosure of all evidence material and necessary in the prosecution or defense of an action regardless of the burden of proof’. (CPLR 3101 [a].) This statute embodies the policy determination that broad and liberal discovery encourages fair and effective resolution of disputes on the merits. The test to be applied in determining whether the evidence sought is material and necessary is one of "usefulness and reason”. "The words 'material and necessary’, are * * * to be interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity” (Allen v Crowell-Collier Pub. Co., 21 NY2d 403, 406).
Despite this policy of broad and liberal discovery, the CPLR provides for three categories of protected materials, also promulgated upon policy considerations. CPLR 3101 (b) affords privileged matter absolute immunity from discovery; CPLR 3101 (c) affords an attorney’s work product absolute immunity from discovery; CPLR 3101 (d) (2) affords a conditional immunity to materials otherwise discoverable, but prepared in anticipation of litigation. Trial preparation materials are subject to disclosure only on a showing of substantial need and undue hardship in obtaining the substantial equivalent of the materials by other means.
*948 In the instant action, the plaintiff seeks an order compelling Net Realty to permit the plaintiff to inspect any photographs, motion pictures, or videotapes, made subsequent to the incident underlying the litigation, which have been taken of the plaintiff, on behalf of Net Realty, or which may be taken at any future time prior to trial. Any and all of such photographs, motion pictures and/or videotapes would clearly constitute materials prepared in anticipation of litigation, and would, therefore, be entitled to conditional immunity from discovery. The plaintiff contends, however, that he is entitled to disclosure of such materials pursuant to CPLR 3101 (e), which entitles a party to a copy of his own statement.
CPLR 3101 (e) enables a party to unconditionally obtain a copy of his own statement, creating an exception to the rule that material prepared for litigation is ordinarily not discoverable, except upon a showing of substantial need and undue hardship. (Sands v News Am. Publ., 161 AD2d 30, 40.)
Prewitt v Beverly-50th St. Corp. (145 Misc 2d 257), decided by the Supreme Court, New York County in 1989, appears to be the first reported case dealing with the issue of whether a plaintiff in a personal injury action is entitled to discovery of surveillance photographs and videotapes taken of the plaintiff, on behalf of the defendant, in preparation for litigation. The court in Prewitt (supra, at 258, citing Olszewski v Howell, 253 A2d 77 [Del Super Ct 1969]; Boldt v Sanders, 261 Minn 160, 111 NW2d 225 [1961]; Snead v American Export-Isbandsten Lines, 59 FRD 148 [ED Pa 1973]; Jenkins v Rainner, 69 NJ 50, 350 A2d 473 [1976]; Martin v Long Is. R. R. Co., 63 FRD 53 [ED NY 1974]) notes that other jurisdictions have permitted disclosure of surveillance photographs and videotapes to prevent surprise or prejudice at trial. The Prewitt court (supra, at 258) acknowledges that surveillance photographs and videotapes are materials prepared in anticipation of litigation, but holds that these materials are not immune from discovery on the ground that a plaintiff in a personal injury action "has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials”. The court found that the requisite substantial need was established by "the plaintiff’s need to examine and perhaps test the films as to authenticity, and that the hardship in obtaining a substantial equivalent is manifest” (Prewitt v Beverly-50th St. Corp., supra, at 258).
The first appellate level decision dealing with the issue of *949 the pretrial disclosure of surveillance videotapes was rendered by the Appellate Division, First Department, in 1990, in Marte v Hickok Mfg. Co. (154 AD2d 173). In the Marte case (supra), the defendant contended that surveillance videotapes taken of the plaintiff constituted counsel’s work product entitled to an absolute immunity pursuant to CPLR 3101 (c). The First Department balanced the defendant’s need to withhold said videotapes in order to conduct effective cross-examination impeaching plaintiff, against the plaintiff’s need to examine the videotapes’ accuracy. The court directed that "if visual reproductions of plaintiff do exist, they should be supplied”, upon the completion of a pretrial deposition memorializing plaintiff’s testimony, so as to secure defendant’s ability to utilize the videotapes for impeachment purposes (Marte v Hickok Mfg. Co., supra, at 177). The court in Marte (supra) made no reference to the decision rendered in Prewitt v Beverly-50th St. Corp. (supra), but the court did refer to its prior decision in Saccente v Toterhi (35 AD2d 692). In Saccente v Toterhi (supra), decided in 1970, the Appellate Division, First Department, extended the interpretation of CPLR 3101 (e) to require disclosure of a photograph taken of the plaintiff, by defendant’s representative, on the ground that said photograph constituted "a visual or photographic statement” made by the plaintiff. In Marte v Hickok (supra), the Appellate Division, First Department, specifically held that its holding in Saccente v Toterhi (supra) should not be limited to a photograph of plaintiff taken with plaintiff’s permission.
The plaintiff in the instant action, in reliance upon the Appellate Division, First Department’s decision in Marte v Hickok (supra), has demanded the production and inspection of surveillance photographs and videotapes which may now exist or be obtained by defendant in the future, prior to trial.
On January 16, 1992 in Careccia v Enstrom (174 AD2d 48) the Appellate Division, Third Department, upon transfer from the Appellate Division, Second Department, declined to follow the First Department’s ruling in Marte v Hickok Mfg. Co. (supra). While recognizing the "logic and reasonableness” of "the compromise struck by the First Department” (supra, at 49), the Third Department held that the statutory scheme governing disclosure precludes the result reached by the First Department. The Third Department’s analysis in Careccia (supra) begins with the undisputed premise that surveillance videotapes constitute materials prepared in anticipation of litigation and are, therefore, governed by CPLR 3101 (d). *950 Materials prepared in anticipation of litigation are immune from discovery except (1) where the party seeking discovery has substantial need of the materials and is unable, without undue hardship, to obtain the substantial equivalent of said materials; or (2) where the material sought constitutes the party’s own statement which constitutes an exception to the rule concerning material prepared in anticipation of litigation. (CPLR 3101 [d], [e].) The Third Department held that a surveillance videotape is not analogous to the photograph at issue in Saccente v Toterhi (supra) but is the equivalent of the statement or report of a private investigator, rendering such videotapes clearly within the scope of CPLR 3101 (d) (2), and beyond the purview of CPLR 3101 (e). Further, the Third Department declined to follow the holding in Prewitt v Beverly-50th St. Corp., and the decisions of other jurisdictions cited by the Prewitt court, which concluded that substantial need and undue hardship, were inherent in the very nature of the surveillance videotapes. Rather, the Third Department held in Careccia v Enstrom (supra, at 51) that a party seeking disclosure of materials prepared in anticipation of litigation bears a burden of offering proof (1) that "a pretrial examination or testing of the videotapes would reveal anything relevant to their authenticity or accuracy that could not be revealed through ordinary trial tactics”; and (2) that "plaintiff’s condition had changed to such a degree that he could no longer produce a videotape that would be a substantial equivalent of those obtained by defendant”.
In the instant action, the defendant herein relies upon the Third Department’s decision in Careccia v Enstrom (supra) in resisting plaintiff’s demand for the production and inspection of surveillance photographs, motion pictures, and videotapes.
To summarize briefly, case law rendered in the First Department holds that surveillance photographs and videotapes are discoverable on the grounds that (1) they constitute a statement of a party which is unconditionally discoverable pursuant to CPLR 3101 (e); or (2) that such materials must be disclosed pursuant to CPLR 3101 (d), on the ground that undue hardship and plaintiff’s substantial need for disclosure is inherent in the nature of the materials. The Third Department, Appellate Division, has determined that substantial need and undue hardship are not manifest, but must be proven by a plaintiff seeking the pretrial production of surveillance evidence. Further, the Third Department has equated surveillance photographs and videotapes with a written report *951 of a private investigator, and has rejected the concept that a visual representation of a plaintiff constitutes a statement. While lauding the First Department’s goal of fostering liberal discovery, encouraging the expeditious resolution of disputes, the Third Department holds that disclosure of visual materials, prepared in anticipation of litigation, must await legislative action.
There are no reported cases in the Second Department on the question of the disclosure of surveillance photographs and videotapes; the issue is, therefore, one of first impression in this Department. The issue must be determined in the context of the historical interplay of the roles of case law and statute, in the development of the present day law governing discovery of materials prepared in anticipation of litigation.
Former Civil Practice Act §§ 288 and 324 did not explicitly authorize the disclosure of a party’s statement. Pursuant to case law, a party was entitled to discovery of his own written statement, given to the defendant, only upon a showing of special circumstances or where fraud or deception had been practiced. This general rule was modified by case law. In Wilhelm v Abel (1 AD2d 55), decided by the Third Department in 1955, the Appellate Division departed from the established rule of law and held that a party has an unconditional right to a copy of his own statement. The court stated that (supra, at 56-57): "The great mass of personal injury cases which clog the court calendars today require fair and speedy disposition, either by way of trial or settlement. To accomplish these ends it has increasingly been the practice to eliminate any elements of surprise whenever practicable — hence the very liberal rules for examinations before trial. By the same token we see no valid reason why a defendant or insurance carrier, if a written statement from a possible plaintiff is taken, should not furnish a copy of such statement to the plaintiff; or, in default thereof, that a plaintiff should not upon due application be permitted to inspect the statement. Such a practice in our opinion will be certain to save time both for the courts and litigants, and tend to a more efficient and speedy disposition of cases.”
Following the rule enunciated in Wilhelm v Abel (supra), the First Department held in Totoritus v Stefan (6 AD2d 123, 124-125 [1958]) that: "While it is recognized that such discovery [of a party’s own statement] affords a party an opportunity to accommodate his testimony to the prior statement (assuming that the statement, as recorded, is an accurate one), it also *952 provides an opportunity to the party to correct any inaccuracies or distortions that may have occurred in the recording of the statement. No generalization is safe which is based on any premise which assumes the integrity, or the lack of it, either in the giving of the prior statement or in the recording thereof [citations omitted] * * * This holding is consonant with the policy of broadening pretrial discovery”. Subsequent to the decisions in Wilhelm v Abel (supra) and Totoritus v Stefan (supra), the general rule of law applied by the courts in this State mandated the unconditional disclosure of a party’s own statement (see, e.g., Levey v Hemme, 7 AD2d 646; Sacks v Greyhound Corp., 18 AD2d 747). The 1962 enactment of the CPLR codified this general rule of law in CPLR 3101 (e).
Since its enactment, CPLR 3101 (e) has been broadly construed to encompass statements which are oral, stenographic, written, signed or unsigned (Lynbrook Union Free School Dist. v Industrial Temperature Sys., 113 Misc 2d 704; Maffeo v Comtois, 55 Misc 2d 779); tape recorded (McKenzie v McKenzie, 78 AD2d 585); tape recorded from a telephone conversation (Chase v Patron Transmission Co., 61 Misc 2d 200); transcribed from an interview (Walker v Erie-Lackawanna R. R. Co., 43 Misc 2d 1098); or made pursuant to an examination before trial in a separate and distinct litigation (Zarate v Mount Sinai Hosp., 142 Misc 2d 426). Finally, as set forth hereinabove in Saccente v Toterhi (supra), the Appellate Division, First Department, extended the interpretation of CPLR 3101 (e) to require disclosure of a photograph.
This court is aware of no precedent which denies a plaintiff discovery of his own prior statement, on the ground that the statement consists of words recorded on tape as opposed to a writing. The courts in this State have not hesitated to broadly construe CPLR 3101 (e), so as to encompass audio tapes of a plaintiff. A defendant in possession of a taped recording of the plaintiff’s words must permit discovery and inspection of the tape prior to trial, even if the tape constitutes material prepared in anticipation of litigation. The reasons for such disclosure are the same or even more compelling than those underlying the policy which mandates disclosure of a written statement. The fair and equitable administration of justice requires that a plaintiff have access to a tape recording of his words to enable him to contest the accuracy and authenticity of the recording, and to properly prepare for trial. Further, such disclosure facilitates an early disposition of the litigation.
*953 The same principles and policies clearly apply to surveillance photographs, motion pictures and videotapes. Recognizing the importance of a plaintiffs need, prior to trial, to determine the accuracy and authenticity of materials purporting to memorialize plaintiffs representations, the courts in the State long ago departed from the rule which required that such disclosure be premised upon a showing of special circumstances, fraud or deception. This recognition of plaintiffs substantial need for, and inability to duplicate, these materials led to the enactment of the unconditional right to disclosure set forth in CPLR 3101 (e). There is no logical distinction between a written statement, recorded verbal representations, or photographs, motion pictures or videotapes which purport to memorialize a plaintiffs physical acts or appearance. The plaintiffs need to ascertain the accuracy and authenticity of the latter materials cannot be distinguished from the need relating to writings or recordings. This court, therefore, declines to follow the holding of the Appellate Division, Third Department. A photograph or videotape of a plaintiff is not properly analogized to the written report of a private investigator. Such a report is more properly viewed as attorney’s work product, absolutely immune from disclosure pursuant to CPLR 3101 (c). Rather, whether viewed as "visual statements” under CPLR 3101 (e) or as materials for which plaintiff manifestly has substantial need and is unable to duplicate, under CPLR 3101 (d), surveillance photographs, motion pictures, and videotapes must be disclosed upon appropriate demand. In accordance with the First Department decision in Marte v Hickok Mfg. Co. (supra), such disclosure may be properly delayed until the defendant has completed the pretrial deposition of the plaintiff.
Accordingly, plaintiffs motion is granted to the following extent:
Within 45 days after the completion of plaintiffs examination before trial, or as soon as practicable after obtaining any such materials, the defendant shall furnish plaintiffs counsel with an opportunity to inspect photographs, motion pictures or videotapes made of the plaintiff subsequent to the incident underlying this litigation and prior to the date of trial. The defendant shall be precluded from introducing any such materials at trial not supplied in accordance with the terms of this order.