■ GENERAL RODGERS, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered February 13, 1992, which directed plaintiff to appear for a further examination before trial (EBT) as a condition of defendant's turnover of a videotaped surveillance of plaintiff, unanimously affirmed, without costs.

In *Marte v Hickok Mfg. Co.* (154 AD2d 173, 177), this court stated that "disclosure [in a personal injury action] of the visual surveillance of a civil litigant by the adversary may properly be delayed until the party making the photograph,

videotapes or movies has had the opportunity to depose fully the opposing party, thereby memorializing that individual's testimony so it can be utilized for impeachment purposes."

Here, at the time the trial court directed plaintiff to appear for a further EBT, plaintiff had not been examined by defense doctors and defendant claimed that plaintiff had not provided access to all medical records. However, defendant now acknowledges that subsequently plaintiff was examined by a defense doctor and that plaintiff has furnished an authorization for the records of a doctor whose identity as plaintiff's examining physician had apparently not been disclosed previously.

But defendant does not concede that plaintiff has been fully deposed for the present purposes. A gap of 9 months existed between the original deposition of plaintiff by previous defense counsel and the video surveillance of plaintiff. It was reasonable for defense counsel to seek a more current memorialization of plaintiff's testimony concerning his physical abilities and restrictions prior to disclosing the videotape. For that reason, and since the trial court intends to conduct an *in camera* review of the video in order to limit the scope of the deposition, the trial court did not abuse its discretion in conditioning turnover of the tape upon plaintiff's appearance for a further limited EBT. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.