■ LISBETH THEISEN, Respondent-Appellant, v GERARD SUNNEN, Appellant-Respondent.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about December 22, 1991, which delayed disclosure of certain audiotaped materials until after the defendant has been desposed, unanimously affirmed, without costs.

In this medical malpractice action, the IAS Court did not abuse its discretion in determining that the plaintiff, a former patient of the defendant, a psychiatrist, may depose the defendant before producing audiotaped telephone conversations between the parties surreptitiously recorded by the plaintiff in contemplation of litigation and for possible use by the Ethics Committee of the American Psychiatric Association.

CPLR 3101 (e) provides, in unequivocal language, that "[a] party may obtain a copy of his own statement" in discovery, and the fact that a statement is recorded rather than written and signed does not, in any manner, impede its discoverability as a party's statement (*McKenzie v McKenzie*, 78 AD2d 585, 586; *Bayer v Bayer*, 113 Misc 2d 391, 392). Thus, in *Saccente v Toterhi* (35 AD2d 692), this Court held that a photograph of a party is a statement pursuant to CPLR 3101 (e) and that a party is entitled to a copy thereof, and in *McKenzie (supra)*, the Fourth Department held that tape recordings made by one spouse of another in a matrimonial action are statements to which the other party is entitled. Nevertheless, in *Marte v Hickok Mfg. Co.* (154 AD2d 173, 177), this Court specifically held that a court, in weighing the equities, may, in its discretion, delay disclosure of visual surveillance of a civil litigant until after the recorded party has been deposed, thereby memorializing that individual's testimony so it can be utilized for impeachment purposes.

Here, the IAS Court correctly concluded that any distinction between the videotape in *Marte (supra)* and this aurally recorded conversation was inconsequential. Concur—Wallach, J. P., Kupferman, Asch and Rubin, JJ.