649 So.2d 12 (1994)
Ingrid JOHNSON
v.
ARCHDIOECESE OF NEW ORLEANS.
No. 94-C-1900.
Court of Appeal of Louisiana, Fourth Circuit.
December 15, 1994.
Rehearings Denied February 15, 1995.
Writ Denied April 28, 1995.
Joseph Gerald Albe, New Orleans, for plaintiff, relator.
Denis Paul Juge, Teresa C. Leyva, Kristi Lyn Stroebel, Metairie, for defendant, respondent.
Before KLEES, CIACCIO, ARMSTRONG, PLOTKIN and LANDRIEU, JJ.
*13 ARMSTRONG, Judge.
In this suit for workers' compensation benefits plaintiff seeks review of a ruling by the Office of Workers' Compensation denying her motion to compel the production of "surveillance recordings, photographs, films, tapes, or any other method of visual or audio recording" of her in the possession of defendant The Archdiocese of New Orleans.
Office of Workers' Compensation Hearing Officer Rule § 2141 provides in pertinent part:
Impeachment evidence shall not be discoverable material and a party shall not be required to disclose impeachment evidence, including but not limited to witnesses, documents, photographs or films.
HOR § 2141 clearly contemplates evidence such as that sought by plaintiff. In the recent case, Moak v. Illinois Central Railroad Company, 631 So.2d 401 (La.1994), the Louisiana Supreme Court held that material such as surveillance films, videotapes and photographs are not "work products" excluded from discovery under La.C.C.P. art. 1424. In reaching its decision the court very strongly set forth the policies underlying liberal interpretation and application of discovery rules. The court stated:
[T]he objectives of pretrial discovery are enhanced by production of the films. When a plaintiff is claiming personal injury, a film, videotape or photograph taken surreptitiously of his activities by or at the direction of the adverse party is highly relevant with regard to the nature and extent of that injury and is likely to have a dramatic impact in court. The rationale for liberal pre-trial disclosure is "to make trial `less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Daniels v. National Railroad Passenger Corp., 110 F.R.D. 160, 161 (S.D.N.Y.1986) (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S.Ct. 983, 986, 2 L.Ed.2d 1077 (1958)). Discovery serves to eliminate prejudice from the surprise disclosure of evidence. While it has been suggested that surprise may have "a healthy prophylactic effect against possible perjury," it is more likely that the adversarial process will function efficiently and cases will be decided fairly on the merits if the parties are aware of all of the evidence. Furthermore, discovery of surveillance materials permits the kind of stipulations and admissions required for effective pre-trial procedures. Martin v. Long Island Rail Road Co., 63 F.R.D. 53, 54 (E.D.N.Y.1974). It also encourages settlement or abandonment of less than meritorious claims. Even where surveillance materials ("tangible things") are within the "work product" exclusion from discovery (unless substantial need is shown) in accordance with the Federal Rules of Civil Procedure's counterpart to Article 1424, it has been held that permitting their discovery is consistent with the modern trend which permits full disclosure and narrowly construes limitations, particularly where no prejudice is shown. Marte v. W.O. Hickok Mfg. Co., Inc., 154 A.D.2d 173, 552 N.Y.S.2d 297, 299 (1990). "Our court system has long been committed to the view that essential justice is better achieved when there has been full disclosure so that the parties are conversant with all the available facts." Jenkins v. Rainner, [69 N.J. 50] 350 A.2d [473 (1976)] at 476.
The material sought by plaintiff is unquestionably available under the general rules of discovery contained in the Louisiana Code of Civil Procedure. The OWC hearing officer apparently felt this material was impeachment evidence and therefore ruled it inadmissable under HOR § 2141. In her request for production of this material plaintiff makes no reference to impeachment evidence. At least one Louisiana appellate court has characterized such evidence as direct evidence of the plaintiff's condition, not impeachment evidence. See Offord v. Holloway Construction Company, 567 So.2d 690 (La.App. 3rd Cir. 1990).
Regardless of whether this material is characterized as direct or impeachment evidence, we hold that it is subject to discovery. HOR § 2141, the administrative rule cited by the hearing officer in denying plaintiff access to the material, was promulgated under the authority of La.R.S. 23:1291(B)(5) which authorizes *14 the Director of the Office of Workers' Compensation to:
[E]stablish and promulgate in accordance with the Administrative Procedure Act such rules and regulations governing the administration of this Chapter and the operation of the office as may be deemed necessary and which are not inconsistent with the laws of this state. (Emphasis added.)
To the extent that HOR § 2141 allows a party to refuse to produce the material sought by plaintiff, "surveillance recordings, photographs, films, tapes, or any other method of visual or audio recording of claimant," it is inconsistent with the laws of this state governing discovery, as interpreted by the courts of this state. Therefore, to that extent HOR § 2141 is without effect.
For the foregoing reasons we reverse the judgment of the Office of Workers' Compensation and order that defendant produce the surveillance materials discussed herein.
REVERSED.
CIACCIO, J., dissents.
LANDRIEU, J., dissents with reasons.
CIACCIO, Judge, dissenting.
I respectfully dissent.
In 1983 the Legislature removed the administration of the Workmen's Compensation laws from the judicial system and placed the responsibility to administer those laws within the Department of Labor. Pursuant to that law a Director was appointed and he was granted extensive powers including those set forth in La.R.S. 23:1291(B)(5) which provides:
To establish and promulgate in accordance with the Administrative Procedure Act such rules and regulations governing the administration of this Chapter and the operation of the office as may be deemed necessary and which are not inconsistent with the laws of this state.
In furtherance of that authority the Office of Workmen's Compensation enacted Hearing Officer's Rule No. 2141 which provides in pertinent part:
Impeachment evidence shall not be discoverable material and a party shall not be required to disclose impeachment evidence, including but not limited to witnesses, documents, photographs or films.
In compliance with that rule the Hearing Officer in this case has denied plaintiff's motion to compel the production of surveillance evidence which the defendant claims to be impeachment evidence and, thus, is not discoverable.
In relying upon the case of Moak v. Illinois Cent. R. Co., 631 So.2d 401 (La.1994), as the basis for reversing the order of the Hearing Officer, the majority errs.
The authority of the Director to adopt rules and regulations is limited only by the requirement that the rules "are not inconsistent with the laws of this state". There is no law of this State which mandates the production of impeachment evidence to the opposing party. Prior to Moak, district courts routinely excluded surveillance matters from discovery. Although our Supreme Court may have expressed cogent reasons for requiring the production of impeachment material in a judicial proceeding, I find that the Director had the discretion to adopt a contrary discovery rule in furtherance of his administration of the Workmen's Compensation Laws.
The continuing nature of Workmen's Compensation claims which may extend over a period of years may explain the enactment of this rule. This rule does not violate any fundamental constitutional right of a claimant. It is inappropriate for this Court to usurp the rule making power of the Director unless he has abused his authority. I find no abuse of his discretion. Accordingly, I would deny the writ application and affirm the ruling of the Hearing Officer.
LANDRIEU, Judge, dissenting with reasons.
The very purpose of the legislature in making worker's compensation claims administrative rather than judicial was to provide a different procedure for their disposition. The rules promulgated by the Director are not in conflict with the Code of Civil Procedure. *15 Some are intentionally different and to the extent that they do not exceed the authority granted by the legislature or violate due process requirements they are valid. Because H.O.R. § 2141 does neither, I respectfully dissent.